# IN THE UNITED STATES BANKRUPTCY COURT FOR SOUTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| **In re** ) | **Chapter 11** |
| ) | |
| **DOCUDATA SOLUTIONS L.C., et al.** ) | **Case No. 25-90023 (Jointly Administered)** |
| ) | |
| **Debtors.** ) | |

## SCHEDULES OF ASSETS AND LIABILITIES FOR

### J & B Software, Inc.

### CASE NO. 25-90055

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | : |
|  | : Chapter 11 |
| DOCUDATA SOLUTIONS, L.C., *et al.*, | : |
|  | : 25-90023 (CML) |
| Debtors.[1] | : |
|  | : (Jointly Administered) |
|  | : |

**GLOBAL NOTES, METHODOLOGY, AND SPECIFIC DISCLOSURES
REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND
LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

DOCUDATA SOLUTIONS, L.C. ("Docudata") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), filed their respective Schedules of Assets and Liabilities (each, a "Schedule" and, collectively, the "Schedules") and Statements of Financial Affairs (each, a "Statement" and, collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the Southern District of Texas (the "Court"). The Debtors, with the assistance of their legal and financial advisors, prepared the unaudited Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Bankruptcy Local Rules for the Southern District of Texas.

These global notes and statements of limitations, methodology, and disclaimers regarding the Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to, and referenced in connection with, any review of the Schedules and Statements.

The Schedules and Statements reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on a stand-alone, unconsolidated basis. These Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor. The Schedules and Statements are unaudited and contain information that is subject to further review and potential adjustment.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/DocuDataSolutions. The Debtors' mailing address for the purposes of these cases is 2701 E. Grauwyler Road, Irving, TX 75061 USA.

Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their directors, managers, officers, agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. In no event shall the Debtors or their directors, managers, officers, agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by Matthew Brown, who is Interim Chief Financial Officer of and an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Matthew Brown has relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and other professionals. Given the scale of the Debtors' businesses, Matthew Brown has not (and practically could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and Statements. Accordingly, the Schedules and Statements remain subject to further review and verification by the Debtors. The Debtors reserve their right to amend the Schedules and Statements from time-to-time as may be necessary or appropriate.

## **Global Notes and Overview of Methodology**

1. **Description of the Cases**. The Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code on March 3, 2025 (the "Petition Date"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 4, 2025, the Court entered an order authorizing the joint administration of the cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 45]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.

2. **Global Notes Control**. In the event that the Schedules or Statements differ from any of the Global Notes, the Global Notes shall control.

3. **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and supplement the Schedules and

Statements as may be necessary or appropriate but do not undertake any obligation to do so; *provided*, that the Debtors, their agents, and their advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein or to notify any third party should the information be updated, modified, revised, or recategorized, except as required by applicable law, from time to time. Nothing contained in the Schedules, Statements, or Global Notes shall constitute a waiver of rights with respect to these chapter 11 cases including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, defenses, statutory or equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

    a.    **No Admission.** Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any claim against any Debtor, any assertion made therein or herein, or a waiver of any of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

    b.    **Claims Description.** Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." Each Debtor reserves the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on its Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." The listing of a claim does not constitute an admission of liability by the Debtors, and the Debtors reserve the right to amend the Schedules and Statements accordingly.

    c.    **Recharacterization.** The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. Nevertheless, due to the complexity of the Debtors' businesses, the Debtors may not have accurately characterized, classified, categorized, or designated certain items and/or may have omitted certain items. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

    d.    **Classifications.** The listing of (a) a claim (i) on Schedule D as "secured," or (ii) on Schedule E/F as either "priority" or "unsecured," or (b) a contract or lease on Schedule G as "executory" or "unexpired" does not constitute

an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection or otherwise. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken. Except as provided in an order of the Court, the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim, including whether a lien or security interest is properly perfected under applicable law or subject to any potential avoidance actions.

e. **Estimates and Assumptions**. The preparation of the Schedules and Statements required the Debtors to make certain reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities, and the reported amounts of revenues and expenses as of the Petition Date. Actual results could differ materially from such estimates. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

f. **Causes of Action**. Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any causes of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law they may have (collectively, "Causes of Action"), and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, Causes of Action, or avoidance actions, or in any way prejudice or impair the assertion of such claims or Causes of Action.

g. **Property Rights**. Exclusion of certain property rights, including without limitation intellectual, real, personal, or otherwise, from the Schedules and

4

Statements should not be construed as an admission that such property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain property rights shall not be construed to be an admission that such property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made every effort to attribute property rights to the rightful Debtor owner, however, in some instances, property rights owned by one Debtor may, in fact, be owned by another.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all property rights.

h.    **Insiders**.  In the circumstances where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals and entities whom the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.  Such individuals may no longer serve in such capacities.  The listing or omission of a party as an "insider" for the purposes of the Schedules and Statements is for informational purposes and is not intended to be nor should be construed as an admission that those parties are insiders for purposes of section 101(31) of the Bankruptcy Code.   Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for:  (a) the purposes of determining (i) control of the Debtors; (ii) the extent to which any individual or entity exercised management responsibilities or functions; (iii) corporate decision-making authority over the Debtors; or (iv) whether such individual or entity (or the Debtors) could successfully argue that they are not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (b) any other purpose.  Furthermore, certain of the individuals or entities identified as insiders may not have been insiders for the entirety of the twelve-month period before the Petition Date, but the Debtors have included them herein out of an abundance of caution.  The Debtors reserve all rights with respect thereto.

i.    **Use of Artificial Intelligence**. In certain situations, the Debtors and/or the Debtors' advisors may have used artificial intelligence and/or machine learning technology in preparation of the information included in the SOFAs and Schedules.   AI has many benefits including the ability to review large amounts of data in a relatively short period of time, and generate complex output based upon such data.  However, AI technology has inherent limitations and can produce inaccurate results.  In all cases where AI was utilized, the Debtors and/or the Debtors' advisors made reasonable efforts to have a human review and edit the final content.

However, inaccuracies may occur and consequently no assurances can be made regarding the information derived based upon AI technology that was included in the SOFAs and Schedules.

**4. Methodology**

a. **Basis of Presentation**.  For financial reporting purposes, the Debtors generally prepare consolidating financial statements, which include financial information for both the Debtors and certain non-Debtor subsidiaries and affiliates.  Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under GAAP, due to eliminations related to intercompany and other transactions recorded on the Debtors' financial statements.  Therefore, these Schedules and Statements neither purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors.  Unlike the consolidating financial statements, these Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate Debtor. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.  Intercompany balances reflect available information at the time of filing and are subject to material change.  The Debtors do not net intercompany accounts on a monthly basis, and certain balances may reflect intercompany transactions that occurred over the course of multiple years.

The Debtors attempted to attribute the assets and liabilities to the proper Debtor entity.  However, due to limitations within Debtors' accounting systems, it is possible that not all assets or liabilities have been recorded with the correct legal entity on the Schedules and Statements.  Accordingly, the Debtors reserve all rights to supplement and/or amend the Schedules and Statements in this regard.

Given the uncertainty surrounding the collection, ownership, and valuation of certain assets and the amount and nature of certain liabilities, including contingent liabilities, a Debtor may report more assets than liabilities.  Such report shall not constitute an admission that such Debtor was solvent on the Petition Date or at any time prior to or after the Petition Date.  Likewise, a Debtor reporting more liabilities than assets shall not constitute an admission that such Debtor was insolvent on the Petition Date or at any time prior to or after the Petition Date.  For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.

b. **Reporting Date**.  Unless otherwise noted, the Schedules and Statements generally reflect the Debtors' books and records as of the close of business on February 28, 2025, and as of the Petition Date for liabilities, adjusted for certain authorized payments under the First Day Orders (as defined herein).

c.  **Confidentiality or Sensitive Information**.  There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to, among other things, the nature of an agreement between a Debtor and a third party, local restrictions on disclosure, concerns about the confidential or commercially sensitive nature of certain information (*e.g.*, personally identifiable information of individuals), or concerns for the privacy of the Debtors' creditors, employees, and customers.  The alterations will be limited to only what is necessary to protect the Debtors or the applicable third party.  The Debtors may also be authorized or required to redact certain information from the public record pursuant to orders of the Court authorizing the Debtors to redact, seal, or otherwise protect such information from public disclosure.[2]

d.  **Consolidated Entity Accounts Payable and Disbursement Systems**.  Receivables and payables among the Debtors and among the Debtors and their non-Debtor affiliates are reported on Statement 4, Schedule A/B, and Schedule E/F, respectively, per the Debtors' unaudited books and records.  As described more fully in the *Emergency Motion Of Debtors For Entry Of Interim And Final Orders (I) Authorizing Debtors To (A) Continue Existing Cash Management System, (B) Maintain Existing Business Forms, And (C) Continue Intercompany Arrangements And Transactions And (II) Graning Related Relief* [Docket No.  10] (the "Cash Management Motion"), the Debtors utilize an integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated by their operations (the "Cash Management System").  The Debtors maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts.

The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission or conclusion of the Debtors regarding the allowance, classification, validity, or priority of such account or characterization of such balances as debt, equity, or otherwise.  For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes.

Prior to the Petition Date, the Debtors and certain non-Debtor affiliates and subsidiaries engaged in intercompany transactions (the "Intercompany Transactions") in the ordinary course of business, which resulted in intercompany receivables and payables (the "Intercompany Claims").  The Debtors maintain strict records of the Intercompany Claims and can ascertain, trace, and account for each of the Intercompany Transactions.  Pursuant to the final order approving the Cash Management Motion [Docket No. 307], the Court has granted the Debtors

---

[2]  Such as the *Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and List of the 30 Largest Unsecured Creditors; (II) Authorizing the Debtors to Redact Certain Personally Identifiable Information; (III) Approving Form and Manner of Notice of Commencement ; and (IV) Granting Related Relief* [Docket No. 56].

authority to continue to engage in Intercompany Transactions in the ordinary course of business subject to certain limitations set forth therein. Thus, intercompany balances as of the Petition Date, as set forth in Schedule A/B and Schedule E/F may not accurately reflect current positions.

In addition, certain of the Debtors act on behalf of or make payments for other Debtors and certain non-Debtor affiliates and subsidiaries. Reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation. Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity is an obligor with respect to any such payment. The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

e.     **Duplication**. Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have endeavored to only list once such assets, liabilities, and prepetition payments.

f.     **Net Book Value of Assets**. In many instances, current market valuations are not maintained by or readily available to the Debtors. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets. As such, unless otherwise indicated, net book values as of the Petition Date are presented for all assets. When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined." Amounts ultimately realized may vary materially from net book value (or other value so ascribed). Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements. Assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset. Nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date or any time prior to the Petition Date.

g.     **Currency**. All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

h.     **Payment of Prepetition Claims Pursuant to First Day Orders**. Following the Petition Date, the Court entered various orders authorizing the Debtors to, among other things, pay certain prepetition: (i) service fees and charges assessed by the Debtors' banks; (ii) insurance obligations; (iii) employee wages, salaries, and related items (including, but not limited to, obligations arising under employee

benefit programs and supplemental workforce obligations); (iv) taxes and assessments; (v) customer program obligations; and (vi) critical vendor obligations (collectively, with other relief granted by the Court with respect to motions filed by the Debtors on or immediately after the Petition Date, the "First Day Orders"). Accordingly, outstanding liabilities may have been reduced by any Court-approved postpetition payments made on prepetition payables.  To the extent these prepetition liabilities have been satisfied, they are not listed in the Schedules and Statements, unless otherwise indicated.  The Debtors reserve the right to update the Schedules and Statements to reflect additional payments made pursuant to an order of the Court (including the First Day Orders).

i.  **Other Paid Claims**.  To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable agreement by all parties, subject to any necessary Court approval.  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

j.  **Setoffs**.  The Debtors routinely incur setoffs in the ordinary course of business that arise from various items including, but not limited to, intercompany transactions, related-party transactions, counterparty settlements, pricing discrepancies, overpayments, returns, warranties, charge backs, credits, rebates, returns, refunds, negotiations, and/or disputes between the Debtors and their customers and/or suppliers.  These normal, ordinary course setoffs and nettings are common in the Debtors' line of business.  Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction. Therefore, these setoffs are not independently accounted for, and, accordingly, are excluded from the Schedules and Statements.  Any setoff of a prepetition debt to be applied against the Debtors is subject to the automatic stay and must comply with section 553 of the Bankruptcy Code.

k.  **Accounts Receivable**.  The accounts receivable information listed on the Schedules includes receivables from the Debtors' customers and are calculated net of any amounts that, as of the Petition Date, may be owed to such customers in the form of offsets or other price adjustments pursuant to the Debtors' customer program policies and day-to-day operating policies and any applicable Court order.  Certain intercompany receivables listed on the Schedules have been incurred pursuant to one or more of the Company's Receivables Facilities[3] (as described in greater detail in Section II.F of the Disclosure Statement).  The Debtors believe that the transactions underlying these receivables constitute true

---

[3]  As defined in the *Disclosure Statement for Joint Plan of Reorganization of DocuData Solutions, L.C. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 437] (the "Disclosure Statement").

sales but nevertheless have included them on the Schedules out of an abundance of caution.

l.     **Property and Equipment**.   Unless otherwise indicated, owned property and equipment are stated at net book value.  The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors, or may have secured financing arrangements with third parties for the payment of such equipment.  To the extent possible, any such leases are set forth in the Schedules and Statements.  Nothing in the Statements or Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any of such issues including, but not limited to, the recharacterization thereof.

m.    **Liens**.   The inventory, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or other liens that may attach (or have attached) to such property and equipment. UCC liens as of the Petition Date, if any, are listed on Schedule D.  The Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor.

n.     **Excluded Assets and Liabilities**.   Certain liabilities resulting from accruals, liabilities recognized in accordance with GAAP, and/or estimates of long-term liabilities either are not payable at this time or have not yet been reported. Therefore, they do not represent specific claims as of the Petition Date and are not otherwise set forth in the Schedules.  Additionally, certain deferred assets, charges, accounts or reserves recorded for GAAP reporting purposes only, and certain assets with a net book value of zero are not included in the Schedules.  Excluded categories of assets and liabilities include, but are not limited to, deferred tax assets and liabilities, deferred income, deferred charges, self-insurance reserves, favorable lease rights, and unfavorable lease liabilities.  In addition, and as set forth above, the Debtors may have excluded amounts for which the Debtors have paid or have been granted authority to pay pursuant to the First Day Orders or other order that may be entered by the Court.  Other immaterial assets and liabilities may have been excluded.

o.     **Undetermined Amounts**.   The description of an amount as "unknown," or "undetermined" is not intended to reflect upon the materiality of such amount.

p.     **Totals**.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined."  If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals.  To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

q.     **Credits and Adjustments**.  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and postpetition payments, if applicable.  The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including but not limited to, the right to assert claims objections and/or setoffs with respect to the same.

r.     **Guarantees and Other Secondary Liability Claims**.  The Debtors exercised their reasonable efforts to locate and identify guarantees and other secondary liability claims (the "Guarantees") in their secured financings, debt instruments, and other agreements.  However, a review of these agreements, specifically the Debtors' unexpired leases and executory contracts, is ongoing.  Where such Guarantees have been identified, they have been included in the relevant Schedules G and H for the affected Debtor or Debtors.  The Debtors have reflected the obligations under the Guarantees for both the primary obligor and the guarantors with respect to their secured financings and debt instruments on Schedule H.  Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements inadvertently may have been omitted.  The Debtors may identify additional Guarantees as they continue their review of their books and records and contractual agreements.  The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional Guarantees are identified.

s.     **Leases**.  In the ordinary course of their business, the Debtors may lease property from certain third-party lessors for use in the daily operation of their business.  Any such leases are set forth in Schedule G and any amount due under such leases that was outstanding as of the Petition Date is listed on Schedule E/F.  The property subject to any of such leases is not reflected in Schedule A/B as either owned property or assets of the Debtors nor is such property reflected in the Debtors' Statements as property or assets of third parties within the control of the Debtors.  However, in accordance with ASC 842, the Debtors have listed the value of the right of use assets related to such leases in the schedule of assets.

t.     **Executory Contracts and Unexpired Leases**.  Although the Debtors made diligent efforts to attribute each executory contract and unexpired lease to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so.  Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts and unexpired leases, including the right to amend Schedule G.  In addition, although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion or omission of a contract or lease on Schedule G does not constitute an admission or waiver as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or

11

validity of any Claims held by any counterparty to such contract or lease. Furthermore, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred.

u.  **Allocation of Liabilities**.  The Debtors, in consultation with their advisors, have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors reserve the right to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.

v.  **Unliquidated Claim Amounts**.  Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

## Specific Schedule Disclosures

Schedules A/B, D, E/F, G, and H may contain explanatory or qualifying notes that pertain to the information provided in the Schedules.  Those Schedule-specific notes are incorporated herein by reference.  Unless otherwise noted, the asset totals listed on the Schedules are derived from amounts included in the Debtors' books and records as of February 28, 2025.  To the extent there are unknown or undetermined amounts, the actual total may be different from the total listed.

1.  **Schedule A/B**

a.  **Part 1**.  As more particularly described in the Cash Management Motion, the Debtors' Cash Management System is composed of ninety-two (92) bank accounts, (each, a "<u>Bank Account</u>" and, collectively, the "<u>Bank Accounts</u>").  A majority of the Debtors' Bank Accounts are located in the United States and are maintained with PNC Bank, National Association ("<u>PNC</u>"), Bank of America Corporation ("<u>BoA</u>"), Wells Fargo Bank, N.A. ("<u>Wells Fargo</u>"), and The Bank of Texas ("<u>Bank of Texas</u>").  Two Bank Accounts are maintained in Canada at Royal Bank of Canada ("<u>RBC</u>").  Further details with respect to the Cash Management System are provided in the Cash Management Motion.

b.  **Part 2**.  The Debtors maintain certain deposits in the ordinary course of their business operations.  These deposits are included in the Schedules for the appropriate legal entity.  Types of deposits include, among other things, security deposits, and utility deposits.  Certain prepaid or amortized assets are not listed in Part 2 in accordance with the Debtors' accounting policies.  The amounts listed in Part 2 do not necessarily reflect values that the Debtors will be able to collect or realize.

c.    **Part 3**.  The accounts receivable balances in this section exclude intercompany receivables.  The Debtors believe that the transactions underlying the Company's Receivables Facilities constitute true sales but nevertheless have included them on the Schedules out of an abundance of caution.

d.    **Part 4**.  Part 4 identifies only subsidiaries owned directly by the Debtors. Subsidiaries owned indirectly by the Debtors are not listed.

e.    **Part 5**.  The Debtors' inventory is valued on a cost basis. Furthermore, the Debtors may have acquired certain inventory within twenty (20) days before the Petition Date, but the Debtors may have not yet determined the amount or value of such inventory.  The Debtors reserve all rights with respect to the valuation of any inventories.

f.    **Part 7**.  Actual realizable values may vary significantly relative to net book values as of the Petition Date.

g.    **Part 8**.  Property leased by the Debtors is listed in Schedule G and is not listed in Part 8 of Schedule A/B, with the exception of any lease or security deposits for such property, which is listed on Schedule A/B.  Actual realizable values of the assets identified may vary significantly relative to net book values as of the Petition Date.

h.    **Part 9**.  The Debtors' net book value as of February 28, 2025 is based on right-of-use asset in accordance with ASC 842.  This is not the valuation of the applicable landlord's land and building.  Rather, the net book value reflects the carrying value of the Debtors' balance sheet as accounted for under Accounting Standards Codification 842 Leases.

i.    **Part 10**.  Part 10 identifies the various trademarks, patents, and website domains owned and maintained by the Debtors.  The Schedules do not list the value of such intangible assets.  Various software licenses the Debtors use for their operations which are easily obtainable and hold minimal value are not included.

j.    **Part 11**.  The Debtors maintain a portfolio of insurance policies to protect against unforeseen incidents and losses and describe such policies in the *Order (I) Authorizing the Debtors to (A) Pay Prepetition Insurance Obligations, (B) Maintain Insurance Policies Postpetition, (C) Maintain the Bonding Program, (D) Maintain Postpetition Financing of Insurance Premiums; and (E) Honor Letters of Credit; and (II) Granting Related Relief* [Docket No. 64] (the "Insurance Order"). Such policies are maintained by an affiliate of the Debtors, Exela Technologies, Inc., for the benefit of the Debtors.  This listing does not include any policies owned by suppliers to which one or more Debtor entities may have been added as a beneficiary.

2.  **Schedule D**

a.    The claims listed on Schedule D, as well as the guarantees of those claims listed on Schedule H, arose and were incurred on various dates.  To the best of the Debtors'

13

knowledge, all claims listed on Schedule D arose, or were incurred before the Petition Date.

b.  Except as otherwise agreed or stated pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and/or their estates reserve their right to dispute and challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor and, subject to the foregoing limitations, note as follows:  (a) although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken, and (b) the descriptions provided on Schedule D are intended to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.

c.  The Debtors have not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights.  The Debtors have not investigated which of the claims may include such rights, and their population is currently unknown.

d.  The amount of the claims listed on Schedule D include both principal and any interest accrued through February 28, 2025.

### 3.  Schedule E/F

a.  **Part 1**.  The claims listed on Part 1 arose and were incurred on various dates.  A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, no such dates are included for each claim listed on Part 1.  To the best of the Debtors' knowledge, all claims listed on Part 1 arose or were incurred before the Petition Date.

The Debtors have not listed on Part 1 any wage or wage-related obligations or any tax or tax-related obligations that the Debtors have paid pursuant to the First Day Orders on Part 1.  The Debtors believe that a majority of such claims for wages, salaries, expenses, benefits and other compensation that accrued prepetition, as described in the First Day Orders, have been or will be satisfied in the ordinary course during these chapter 11 cases pursuant to the authority granted to the Debtors in the relevant First Day Orders.

Pursuant to the *Motion of Debtors for Entry of an Order Authorizing the Debtors to Pay Prepetition Compensation Owed to a Key Employee* [Docket No. 430] (the "***Key Employee Motion***"), the Debtors have sought authorization to pay prepetition amounts owed to a key employee for amounts in excess of the priority wage cap imposed by section 507(a)(4) of the Bankruptcy Code.  Amounts sought to be paid in the Key Employee Motion total $596,347.  The Debtors reserve their right to

14

dispute or challenge whether creditors listed on Part 1 are entitled to priority claims under the Bankruptcy Code.

In the ordinary course of business, the Debtors maintain certain deposits on behalf of their customers. Although the Debtors continue to receive these customer deposits, they have specifically included the customer deposit amounts as of February 28, 2025, in Part 1.

Claims potentially owed to various taxing authorities by the Debtors are included in Part 1. As the company operates as a consolidated tax group, the Debtors have made efforts to provide all known information regarding their consolidated tax payment obligations. Consequently, any joint and several tax liabilities are noted in this section. Additionally, some of these tax claims may be subject to ongoing audits, or the Debtors may be unable to determine the exact amounts of the remaining claims listed in Part 1 with certainty.

Therefore, the Debtors have listed all such claims as contingent and unliquidated, pending final resolution of ongoing audits or other outstanding issues.

b.  **Part 2**. The Debtors have exercised their reasonable efforts to list all liabilities on Part 2 of each applicable Debtor's Schedule. As a result of the Debtors' consolidated operations, however, Part 2 for each Debtor should be reviewed in these cases for a complete understanding of the unsecured claims against the Debtors. Certain creditors listed on Part 2 may owe amounts to the Debtors and, as such, the Debtors may have valid setoff and recoupment rights with respect to such amounts. The amounts listed on Part 2 may not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert the same and to dispute and challenge any setoff and/or recoupment rights that may be asserted against the Debtors by a creditor. Additionally, certain creditors may assert mechanics' or other similar liens against the Debtors for amounts listed on Part 2. The Debtors reserve their right to dispute and challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor listed on Part 2 of any Debtor. In addition, certain claims listed on Part 2 may potentially be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

The Debtors have made reasonable efforts to include all unsecured creditors on Part 2 including, but not limited to, software companies, landlords, utility companies, consultants, and other service providers. The Debtors, however, believe the possibility exists that there are instances where creditors have yet to provide proper invoices for prepetition goods or services. While the Debtors maintain general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and have not been included on Part 2.

Unless otherwise noted, the claims listed on Part 2 are based on the Debtors' books and records as of February 28, 2025. The Debtors have excluded workers' compensation claims from the Statements because the Debtors are fully insured for and continue to honor their workers' compensation obligations in the ordinary

course in accordance with the *Order (I) Authorizing the Debtors to (A) Pay Certain Employee Compensation and Benefits and (B) Maintain and Continue Such Benefits and Other Employee-Related Programs; (II) Granting Relief from Automatic Stay with Respect to Workers' Compensation Claims; and (III) Related Relief Emergency Motion* [Docket No. 62] (the "Wages Order").

Part 2 does not include certain balances including deferred liabilities, accruals, or reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals primarily represent estimates of liabilities and do not represent specific claims as of the Petition Date.

Notwithstanding their unsecured nature, bonds listed in Part 2 will receive treatment that is *pari passu* with the Debtors' secured debt.

Part 2 does not include reserves for liabilities that may have arisen under litigation in which a Debtor is a defendant unless there is a final judgment or a settlement agreement.

The claims of individual creditors may not reflect credits and/or allowances due from creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and/or allowances, including the right to assert objections and/or setoffs or recoupments with respect to same.

The Court has authorized the Debtors to pay, in their discretion, certain non-priority unsecured claims pursuant to the First Day Orders. To the extent practicable, each Debtor's Schedule E/F is intended to reflect the balance as of the Petition Date, adjusted for postpetition payments made under some or all of the First Day Orders. Each Debtor's Schedule E/F will reflect all or a portion of Debtor's payment of certain claims pursuant to the First Day Orders, and, to the extent an unsecured claim has been paid or may be paid in full, it is possible such claim is not included on Schedule E/F. Certain Debtors may pay additional claims listed on Schedule E/F during these chapter 11 cases pursuant to the First Day Orders and other orders of the Court and the Debtors reserve all of their rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claims. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

As of the time of filing of the Schedules and Statements, the Debtors have not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights, but undertake no obligations, to amend Schedules D and E/F if, or when, the Debtors receive such invoices. The Debtors have scheduled liabilities related to accounts payable based on the legal entities listed in association with the applicable charges in the Debtors' various accounts payable systems. Accordingly, the legally liable Debtor entities (if any) may differ from the entities scheduled.

16

4. **Schedule G**

    a.    Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "Agreements"), the Debtors' review process of the Agreements is ongoing and inadvertent errors, omissions, or over-inclusion may have occurred. The Debtors may have entered into various other types of Agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, amendments/letter agreements, and confidentiality agreements which may not be set forth in Schedule G. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted Agreements. Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable. The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G.

    b.    Contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only for the Debtor entity that signed the original umbrella or master agreement. Other Debtors, however, may be liable together with such Debtor on account of such agreements and the Debtors reserve all rights to amend the Schedules to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate. The master service agreements have been listed in Schedule G, but do not reflect any decision by the applicable Debtor as to whether or not such agreements are executory in nature. Additionally, the Debtors may also place work and purchase orders under umbrella or master agreements, which may be considered executory contracts. Disclosure of all of these purchase and work orders, however, is impracticable and unduly burdensome. Accordingly, to the extent the Debtors have determined to disclose non-confidential umbrella or master agreements in Schedule G, purchase and work orders placed thereunder may have been omitted.

    c.    Due to concerns about potential harm to their business if their customer names were publicly disclosed, the Debtors have not listed customer contracts on Schedule G. Such customer contracts are filed under seal and are available by request. The Debtors have not listed non-disclosure, confidentiality, or related agreements on Schedule G.

5. **Schedule H**

    a.    The Debtors are party to various debt agreements which were executed by multiple Debtors. In the ordinary course of their businesses, the Debtors are involved in

pending or threatened litigation and claims arising out of the conduct of their businesses.  Some of these matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties.  To the extent such claims are listed elsewhere in the Schedules of each applicable Debtor, they have not been set forth individually on Schedule H.  In the event that two or more Debtors are co-obligors with respect to a scheduled debt or guaranty, such debt or guaranty is listed in the Schedules and Statements of each such Debtor at the full amount of such potential claim.  No claim set forth on the Schedules and Statements of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or non-Debtors.  To the extent these Global Notes include notes specific to Schedules D-G, such Global Notes also apply to the co-Debtors listed in Schedule H.  The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

### Specific Notes with Respect to the Debtors' Statements of Financial Affairs

1. **Statement 1**.  The income stated in the Debtors' response to Statement 1 is consistent with the consolidated sales disclosed in compliance with GAAP.  The Debtors' fiscal year ends on December 31 of each calendar year:

    a.  **FY 2023**:  Comprised of consolidated revenues for the fiscal year ended December 31, 2023.

    b.  **FY 2024**:  Comprised of consolidated revenues for the fiscal year ended December 31, 2024.

    c.  **Stub Period 2025**:  Comprised of consolidated revenues for the 2 months ending February 28, 2025.

2. **Statement 3**.  As described in the Cash Management Motion, the Debtors utilize their integrated, centralized Cash Management System to collect, concentrate, and disburse funds generated by their operations.  Due to the centralized nature of the Cash Management System, only a few Debtors disburse payments, such as SourceHOV LLC, Exela Enterprise Solutions, Inc.,  Regulus Integrated Solutions, LLC, and BancTec, Inc.

    a.  The payments disclosed in Statement 3 are based on payments made by the Debtors with payment dates from December 3, 2024 to March 3, 2025.  Amounts still owed to creditors will appear on the Schedules for each Debtor, as applicable.

    b.  Non-U.S. Dollar transactions are converted to U.S. Dollar using prevailing exchange rate for the week.

    c.  The response to Statement 3 excludes payments and disbursements or transfers for this period, which are listed, to the extent required, on Statement 4.

    d.    The response to Statement 3 excludes payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy for this period, which are listed on Statement 11.

3.  **Statement 4.** As outlined in the Cash Management Motion, the Debtors operate a centralized Cash Management System that allows them to disburse funds on behalf of non-Debtor affiliates. Such disbursements include payments to counterparties and service providers to whom non-Debtor affiliates are indebted and then charged to the non-Debtor entity through an intercompany transaction. Payments to third-parties on behalf of non-Debtor affiliates are listed on Statement 4.

Although Statement 4 accounts for payments to counterparties providing direct services to non-Debtor affiliate insiders, it does not include payments to umbrella programs and service providers, such as insurance policies, that may also ultimately benefit the Debtors.

The Debtors make disbursements to certain non-Debtor affiliates who, in turn, pay certain insiders of the Debtors through payroll. To ensure completeness, the Debtors have listed both the payments made to non-Debtor affiliates as well as the insider payroll amounts in Statement 4. However, this may result in double counting the amounts transferred.

There are instances in which non-Debtor entities pay amounts on behalf of insiders for travel expenses and then seek reimbursement from the Debtors. Such amounts are less than $10,000 and are not listed in Statement 4.

4.  **Statement 7**. Information provided on Statement 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum. While the Debtors believe they were diligent in their efforts, it is possible that certain suits and proceedings may have been inadvertently excluded in the Debtors' response to Statement 7. The Debtors reserve all of their rights to amend or supplement their response to Statement 7.

5.  **Statement 11**. All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date are listed on the applicable Debtor's response to Statement 11. Additional information regarding the Debtors' retention of professional service firms is more fully described in individual retention applications filed with the Court and related orders.

In addition, the Debtors have listed payments made to professionals retained by the Debtors but not payments made to advisors of their postpetition lenders or other parties.

6.  **Statement 16**. The Debtors collect a limited amount of information about customers and their representatives. Examples of the types of information collected by the Debtors include, among other things, name, mailing address, telephone number and banking information.

7.  **Statement 21**. In the ordinary course of business, the Debtors maintain certain deposits on behalf of their customers for postal services. Although the Debtors continue to receive these

customer deposits, they have specifically included the customer deposit amounts as of February 28, 2025.

8.  **Statement 25**.  The Debtors have used their reasonable efforts to identify the beginning and ending dates of all businesses in which the Debtors were a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the Petition Date.

Businesses with no Employer Identification Number listed are foreign businesses.

9.  **Statement 26**.  The Debtors provide certain parties such as banks, auditors, potential investors, vendors and financial advisors with financial statements that may not be part of a public filing. The Debtors do not maintain detailed records tracking such disclosures.

10. **Statement 26**.  The Debtors do not conduct regular inventory counts of their supplies.

11. **Statement 29**.  Due to the absence of a precise and comprehensive record of the periods of service for each director and officer at each of the Debtors, the Debtors have opted to adopt an overinclusive approach in their listing.  The Debtors have attempted to list every person who may be considered to have been in control of each Debtor at the time of the filing of the case to ensure that all potential individuals who may have held such positions are accounted for.

12. **Statement 30**.  Refer to Section 4 (*Methodology*) regarding all payments to insiders.

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | J & B Software, Inc. |
| United States Bankruptcy Court: | Southern District of Texas |
| Case Number (if known): | 25-90055 |

Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| **Part 1:** | **Cash and cash equivalents** |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

| General Description | Type of Account (if applicable) | Last 4 digits of account # (if applicable) | Current value of debtor's interest |
|---|---|---|---|
| 2. **Cash on hand** | | | |
| 3. **Checking, savings, money market, or financial brokerage accounts (Identify all)** | | | |
| 3.1 BANK OF TEXAS | DORMANT/LEGACY ACCOUNT | 7717 | $0.00 |
| 3.2 BANK OF TEXAS | OPERATING/DISBURSING ACCOUNT | 5616 | $0.00 |
| 3.3 PNC BANK | LOCKBOX ACCOUNT | 3696 | $0.00 |
| 4. **Other cash equivalents (Identify all)** | | | |

5. **Total of Part 1.**
   Add lines 2 through 4. Copy the total to line 80.

   **$0.00**

# Schedule A/B: Assets - Real and Personal Property

| Part 2: | Deposits and prepayments |
|---------|--------------------------|

6. **Does the debtor have any deposits or prepayments?**

    ☐ No. Go to Part 3.
    ☑ Yes. Fill in the information below.

| General Description | Current value of debtor's interest |
|---------------------|-----------------------------------|
| 7. **Deposits, including security deposits and utility deposits** <br> Description, including name of holder of deposit | |
| 7.1 REFUNDABLE DEPOSITS | $47,311.33 |
| 8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent** <br> Description, including name of holder of prepayment | |
| 8.1 PREPAID EXPENSES - OTHER | $6,475.75 |
| 8.2 PREPAID MAINTENANCE | $209,121.89 |

9. **Total of Part 2.**
    Add lines 7 through 8. Copy the total to line 81.

        **$262,908.97**

# Schedule A/B: Assets - Real and Personal Property

**Part 3:**   Accounts receivable

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
☑ Yes. Fill in the information below.

| General Description | Face or requested amount | Doubtful or uncollectable | Current value of debtor's interest |
|---|---|---|---|
| **11. Accounts receivable** | | | |
| 11.1 | $3,260,141.83 - | $0.00 | = $3,260,141.83 |

12. **Total of Part 3.**
Current value on lines 11a + 11b = line 12. Copy the total to line 82.

**$3,260,141.83**

# Schedule A/B: Assets - Real and Personal Property

**Part 4:**     Investments

13. **Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| General Description | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
Name of entity:

15.1  SEE ATTACHED

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

17. **Total of Part 4.**
Add lines 14 through 16. Copy the total to line 83.

$0.00

# Schedule A/B: Assets - Real and Personal Property

| Part 5: | Inventory, excluding agriculture assets - detail |
|---------|--------------------------------------------------|

18. **Does the debtor own any inventory (excluding agriculture assets)?**
    - ☑ No. Go to Part 6.
    - ☐ Yes. Fill in the information below.

| General Description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------|-------------------------------------------------------|------------------------------------------|-------------------------------------|

19. **Raw materials**

20. **Work in progress**

21. **Finished goods, including goods held for resale**

22. **Other Inventory or supplies**

23. **Total of Part 5.**
    Add lines 19 through 22. Copy the total to line 84.

24. **Is any of the property listed in Part 5 perishable?**
    - ☐ No.
    - ☐ Yes.

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
    - ☐ No.
    - ☐ Yes.

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
    - ☐ No.
    - ☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops-either planted or harvested** | | | |
| 29. **Farm animals** | | | |
| 30. **Farm machinery and equipment** | | | |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 84.

34. **Is the debtor a member of an agricultural cooperative?**

☐ No.
☐ Yes.

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No.
☐ Yes.

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No.
☐ Yes.

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 7:**     Office furniture, fixtures, and equipment; and collectibles - detail

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.
☑ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| 39.1   OFFICE FURNITURE & FIXTURES | | BOOK | $105.84 |
| 40. **Office fixtures** | | | |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1   COMPUTER EQUIPMENT | | BOOK | $2,513.95 |
| 42. **Collectibles** | | | |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 84.

$2,619.79

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No.
☑ Yes.

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.
☑ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

48. **Watercraft, trailers, motors, and related accessories**

49. **Aircraft and accessories**

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| 50.1 | MACHINERY AND EQUIPMENT | | BOOK | $16,061.59 |
|---|---|---|---|---|

51. **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 84.

**$16,061.59**

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No.
☑ Yes.

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 9:**  **Real property - detail**

54.  **Does the debtor own or lease any real property?**

☐ No. Go to Part 9.
☑ Yes. Fill in the information below.

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

55.  **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| 55.1 VARIOUS | LEASEHOLD IMPROVEMENTS | | BOOK | $1,056.79 |
|---|---|---|---|---|

56.  **Total of Part 9.**
Add the current value on all Question 55 lines and entries from any additional sheets. Copy the total to line 88.

**$1,056.79**

57.  **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No.
☑ Yes.

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 10:**    Intangibles and intellectual property - detail

59. **Does the debtor have any interests in intangibles or intellectual property?**
- ☐ No. Go to Part 11.
- ☑ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 TRADEMARK: J&B SOFTWARE | | | UNDETERMINED |
| 60.2 TRADEMARK: TMS IMAGE | | | UNDETERMINED |
| 61. **Internet domain names and websites** | | | |
| 62. **Licenses, franchises, and royalties** | | | |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 63.1 CUSTOMER RELATIONSHIPS | | | UNDETERMINED |
| 64. **Other intangibles, or intellectual property** | | | |
| 65. **Goodwill** | | | |

66. **Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89.

<b>UNDETERMINED</b>

67. **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**
- ☐ No.
- ☑ Yes.

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
- ☐ No.
- ☑ Yes.

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
- ☑ No.
- ☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 11:**   **All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form? Include all interests in executory contracts and unexpired leases not previously reported on this form.**

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

| General Description | Current value of debtor's interest |
|---|---|

71. **Notes receivable**

72. **Tax refunds and unused net operating losses (NOLs)**

73. **Interests in insurance policies or annuities**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76. **Trusts, equitable or future interests in property**

| | |
|---|---|
| 76.1 OPERATING LEASE RIGHT OF USE ASSETS | $215,981.59 |
| *Nature of Claim: ROU Assets* | |
| *Amount Requested:* | |

77. **Other property of any kind not already listed Examples: Season tickets, country club membership**

| | |
|---|---|
| 77.1 INTERCOMPANY RECEIVABLE - NEON ACQUISITION, LLC | $59,686.10 |
| 77.2 INTERCOMPANY RECEIVABLE - SOURCEHOV LLC | $42,155,620.94 |

78. **Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90.

**$42,431,288.63**

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 12:**  Summary

| Type of property | Current value of personal property | Current value of real property | Total of all property |
|---|---|---|---|
| 80. Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $0.00 | | |
| 81. Deposits and prepayments. Copy line 9, Part 2. | $262,908.97 | | |
| 82. Accounts receivable. Copy line 12, Part 3. | $3,260,141.83 | | |
| 83. Investments. Copy line 17, Part 4. | $0.00 | | |
| 84. Inventory. Copy line 23, Part 5. | $0.00 | | |
| 85. Farming and fishing-related assets. Copy line 33, Part 6. | $0.00 | | |
| 86. Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7. | $2,619.79 | | |
| 87. Machinery, equipment, and vehicles. Copy line 51, Part 8. | $16,061.59 | | |
| 88. Real property. Copy line 56, Part 9. | | $1,056.79 | |
| 89. Intangibles and intellectual property. Copy line 66, Part 10. | **UNDETERMINED** | | |
| 90. All other assets. Copy line 78, Part 11. | $42,431,288.63 | | |
| 91. Total. Add lines 80 through 90 for each column. | $45,973,020.81 **+ UNDETERMINED** | $1,056.79 | |

92. **Total of all property on Schedule A/B. Lines 91a + 91b = 92.**

**$45,974,077.60**
+ UNDETERMINED

**Fill in this information to identify the case and this filing:**

| | |
|---|---|
| Debtor Name: | J & B Software, Inc. |
| United States Bankruptcy Court: | Southern District of Texas |
| Case Number (if known): | 25-90055 |

## Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

**Be as complete and accurate as possible.**

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

1. **Do any creditors have claims secured by debtor's property?**

   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☑ Yes. Fill in the information below.

2. **List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.**

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C - U - D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|
| **April 2026 Senior Secured Notes** | | | | | | | |
| 2.1 U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE WEST SIDE FLATS 60 LIVINGSTON AVE. ATTN: ADMINISTRATOR--EXELA INTERMEDIATE LLC ST. PAUL, MN 55107 | ☐ | ☐ | ☐ | DATE: 07/11/2023 | ☑ ☑ ☐ | $1,319,106,629.00 | |

April 2026 Senior Secured Notes Total:  **$1,319,106,629.00**       **$0.00**

**Blue Torch Term Loan**

# Schedule D: Creditors Who Have Claims Secured by Property

**Part 1:**    List Creditors Who Have Secured Claims

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C - U - D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|
| 2.2 BLUE TORCH FINANCE LLC, AS ADMINISTRATIVE AGENT AND COLLATERAL AGENT<br>C/O BLUE TORCH CAPITAL LP<br>150 EAST 58TH STREET, 39TH FLOOR<br>NEW YORK, NY 10155<br>EMAIL: BLUETORCHAGENCY@ALTERDOMUS.COM | ☐ | ☐ | ☐ | DATE: 07/11/2023 | ☑ ☑ ☐ | $38,500,000.00 | |

|  |  |  |  |  | **Blue Torch Term Loan Total:** | **$38,500,000.00** | **$0.00** |
|---|---|---|---|---|---|---|---|

**PNC AR Facility**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2.3 PNC BANK, NATIONAL ASSOCIATION, AS LC BANK AS ADMINISTRATIVE AGENT<br>THE TOWER AT PNC PLAZA<br>300 FIFTH AVENUE, 11TH FLOOR<br>ATTN: BRIAN STANLEY<br>PITTSBURGH, PA 15222<br>EMAIL: ABFADMIN@PNC.COM | ☐ | ☐ | ☐ | | ☑ ☑ ☐ | $0.00 | |

|  |  |  |  |  | **PNC AR Facility Total:** | **$0.00** | **$0.00** |
|---|---|---|---|---|---|---|---|

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**       **$1,357,606,629.00**

# Schedule D: Creditors Who Have Claims Secured by Property

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---------|---------------------------------------------------------------|

4. **List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors**

| Name and Mailing Address | Part 1 Line on which the Related Creditor was Listed | Last 4 Digits of Account Number for this Entity |
|--------------------------|------------------------------------------------------|------------------------------------------------|

**Blue Torch Term Loan**

4.1  KING & SPALDING LLP
1185 AVENUE OF THE AMERICAS
ATTN: JENNIFER DALY
NEW YORK, NY 10036

4.2  SEI - BLUE TORCH CAPITAL LOANS OPS
1 FREEDOM VALLEY DRIVE
OAKS, PA 19456

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | J & B Software, Inc. |
| United States Bankruptcy Court: | Southern District of Texas |
| Case Number (if known): | 25-90055 |

Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**     List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

     ☐ No. Go to Part 2.
     ☑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | | | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| **Taxes** | | | | | | | |
| 2.1 ACADIA PARISH SCHOOL BOARD<br>SALES & USE TAX DEPT<br>P.O. DRAWER 309<br>CROWLEY, LA 70527-0309 | | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.2 ALABAMA DEPT OF REVENUE<br>BANKRUPTCY SECTION<br>LEGAL DIVISION<br>P.O. BOX 320001<br>MONTGOMERY, AL 36132-001 | | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.3 ALABAMA DEPT OF REVENUE<br>INCOME TAX ADMINISTRATION DIVISION<br>BUSINESS PRIVILEGE TAX SECTION<br>GORDON PERSONS BLDG<br>MONTGOMERY, AL 36104 | | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.4 ALABAMA DEPT OF REVENUE<br>INCOME TAX ADMINISTRATION DIVISION<br>CORPORATE TAX SECTION<br>P.O. BOX 327435<br>MONTGOMERY, AL 36132-7435 | | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.5 ALABAMA DEPT OF REVENUE<br>50 N RIPLEY ST, STE 4112<br>MONTGOMERY, AL 36130 | | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.6 ALABAMA DEPT OF REVENUE<br>SALES & USE TAX DIVISION<br>P.O. BOX 327710 | | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:** List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| MONTGOMERY, AL 36132-7710 | | | | | |
| 2.7 ALABAMA DEPT OF REVENUE<br>50 N RIPLEY ST<br>MONTGOMERY, AL 36130 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.8 ALLEN PARISH SCHOOL BOARD<br>SALES & USE TAX DEPT<br>P.O. DRAWER 190<br>OBERLIN, LA 70655 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.9 ARCADIA PARISH<br>2402 N PARKERSON AVE<br>CROWLEY, LA 70526 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.10 ARIZONA DEPT OF REVENUE<br>1600 W MONROE ST<br>PHOENIX, AZ 85007 | | ☑ ☑ ☐ | ☐ | $1,859.41 | $0.00 |
| 2.11 ARIZONA DEPT OF REVENUE<br>3191 N WASHINGTON ST<br>CHANDLER, AZ 85225 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.12 ARIZONA DEPT OF REVENUE<br>2902 W AGUA FRIA FWY<br>PHOENIX, AZ 85027 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.13 ARIZONA DEPT OF REVENUE<br>P.O. BOX 29082<br>PHOENIX, AZ 85038 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.14 ARKANSAS DEPT OF FINANCE AND ADMIN<br>ATTN: BRYAN WEST<br>STATE REVENUE ADMIN, RAGLAND BLDG<br>1900 W 7TH ST, RM 2062<br>LITTLE ROCK, AR 72201 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.15 ARKANSAS DEPT OF FINANCE AND ADMIN<br>STATE REVENUE ADMIN<br>P.O. BOX 1272<br>LITTLE ROCK, AR 72203 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.16 ARKANSAS DEPT OF FINANCE AND ADMIN<br>LEDBETTER BUILDING<br>1816 W 7TH ST, RM 2250<br>LITTLE ROCK, AR 72201 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.17 ARKANSAS DEPT OF FINANCE AND ADMIN<br>P.O. BOX 919<br>LITTLE ROCK, AR 72203 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.18 ASCENSION PARISH<br>SALES & USE TAX AUTHORITY<br>P.O. BOX 1718<br>GONZALES, LA 70707 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:** **List All Creditors with PRIORITY Unsecured Claims**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| 2.19 AVOYELLES PARISH SCHOOL BOARD<br>221 TUNICA DR<br>W MARKSVILLE, LA 71351 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.20 BALDWIN COUNTY<br>22070 HWY 59<br>THE REGIONS BANK BLDG, 1ST FL<br>ROBERTSDALE, AL 36567 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.21 BEXAR COUNTY<br>BEXAR COUNTY COURTHOUSE<br>100 DOLOROSA<br>SAN ANTONIO, TX 78205 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.22 BOSSIER CITY - PARISH SALES & USE TAX DIVISION<br>620 BENTON ROAD<br>BOSSIER CITY, LA 71111 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.23 BUREAU OF REVENUE - SALES TAX<br>1300 PERDIDO ST<br>1W15<br>NEW ORLEANS, LA 70112 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.24 BUTLER COUNTY<br>700 COURT SQ<br>GREENVILLE, AL 36037 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.25 BUTTE COUNTY<br>TAX COLLECTOR<br>25 COUNTY CTR DR, STE 125<br>OROVILLE, CA 95965-3367 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.26 CALCASIEU PARISH SCHOOL BOARD<br>3310 BROAD ST<br>LAKE CHARLES, LA 70615 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.27 CALIFORNIA DEPT OF TAX & FEE ADMIN<br>P.O. BOX 942879<br>SACRAMENTO, CA 94279-8062 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.28 CENTENNIAL CIVIC CENTER<br>CENTENNIAL CIVIC CENTER<br>13133 E ARAPAHOE RD<br>CENTENNIAL, CO 80112 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.29 CHAMPAIGN COUNTY<br>1776 E WASHINGTON ST<br>URBANA, IL 61802 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.30 CITY AND BOROUGH OF JUNEAU<br>155 HERITAGE WAY<br>CITY HALL – ROOM 106<br>JUNEAU, AK 99801 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.31 CITY CLERK - REVENUE DEPT<br>1318 HUEYTOWN RD<br>HUEYTOWN, AL 35023-2415 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**    List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | | | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| 2.32 CITY HALL<br>816 HWY 52 E<br>HELENA, AL 35080 | | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.33 CITY OF ALAMOSA<br>P.O. BOX 419<br>ALAMOSA, CO 81101 | | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.34 CITY OF ARVADA<br>8101 RALSTON RD<br>ARVADA, CO 80002 | | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.35 CITY OF AURORA<br>15151 E ALAMEDA PKWY<br>AURORA, CO 80012 | | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.36 CITY OF BATON ROUGE<br>P.O. BOX 1471<br>BATON ROUGE, LA 70821 | | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.37 CITY OF BOULDER<br>1777 BROADWAY<br>BOULDER, CO 80302 | | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.38 CITY OF COLORADO SPRINGS<br>DEPT 2408<br>DENVER, CO 80256-0001 | | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.39 CITY OF COMMERCE CITY<br>TAX DIVISION<br>7887 E 60TH AVE<br>COMMERCE CITY, CO 80022 | | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.40 CITY OF CORTEZ<br>123 ROGER SMITH AVE<br>CORTEZ, CO 81321 | | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.41 CITY OF DELTA<br>360 MAIN ST<br>DELTA, CO 81416 | | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.42 CITY OF DENVER<br>201 W COLFAX AVE, DEPT 1009<br>DENVER, CO 80202 | | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.43 CITY OF DURANGO<br>CITY HALL<br>949 E 2ND AVE<br>DURANGO, CO 81301 | | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.44 CITY OF FORT COLLINS<br>215 N MASON ST, 2ND FL<br>P.O. BOX 580<br>FT COLLINS, CO 80522-0580 | | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.45 CITY OF GLENWOOD SPRINGS<br>GLENWOOD SPRINGS CITY HALL<br>101 W 8TH ST<br>GLENWOOD SPRINGS, CO 81601 | | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.46 CITY OF GOLDEN | | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | $0.00 |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:** List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| 911 10TH ST<br>GOLDEN, CO 80401 | | | | | |
| 2.47 CITY OF GRAND JUNCTION<br>250 N 5TH ST, 2ND FL<br>GRAND JUNCTION, CO 81501 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.48 CITY OF GREELEY<br>P.O. BOX 1648<br>GREELEY, CO 80632 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.49 CITY OF LA JUNTA<br>P.O. BOX 489<br>LA JUNTA, CO 81050 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.50 CITY OF LAFAYETTE<br>1290 S PUBLIC RD<br>LAFAYETTE, CO 80026 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.51 CITY OF LAKEWOOD<br>480 S ALLISON PKWY<br>LAKEWOOD, CO 80226 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.52 CITY OF LAMAR<br>102 E PARMENTER ST<br>LAMAR, CO 81052 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.53 CITY OF LITTLETON<br>2255 W BERRY AVE<br>LITTLETON, CO 80120 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.54 CITY OF LIVONIA<br>33000 CIVIC CENTER DR<br>LIVONIA, MI 48154-3060 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.55 CITY OF LONDON<br>501 S MAIN ST<br>LONDON, KY 40741 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.56 CITY OF LONE TREE<br>9220 KIMMER DR, STE 100<br>LONE TREE, CO 80124 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.57 CITY OF MEMPHIS<br>ATTN: TREASURERS OFFICE SHELBY<br>P.O. BOX 185<br>MEMPHIS, TN 38101-0185 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.58 CITY OF MONROE/OUACHITA PARISH<br>TAXATION & REVENUE DIVISION<br>P.O. BOX 123<br>MONROE, LA 71210-0123 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.59 CITY OF MONTROSE<br>400 E MAIN ST<br>P.O. BOX 790<br>MONTROSE, CO 81402 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.60 CITY OF NORTHGLENN<br>CITY HALL<br>11701 COMMUNITY CTR DR | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**  List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| NORTHGLENN, CO 80233 | | | | | |
| 2.61 CITY OF PARKER<br>SALES TAX ADMINISTRATION<br>P.O. BOX 5602<br>DENVER, CO 80217-5602 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.62 CITY OF PELL CITY<br>1905 1ST AVE N<br>PELL CITY, AL 35125 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.63 CITY OF PIEDMONT<br>P.O. BOX 112<br>PIEDMONT, AL 36272 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.64 CITY OF PRATTVILLE<br>FINANCE DEPT<br>P.O. BOX 680190<br>PRATTVILLE, AL 36068-0190 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.65 CITY OF SHREVEPORT<br>CADDO-SHREVEPORT SALES & USE<br>TAX COMM<br>P.O. BOX 104<br>SHREVEPORT, LA 71161 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.66 CITY OF ST LOUIS<br>P.O. BOX 16994<br>CLAYTON, MO 63105 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.67 CITY OF STAMFORD<br>888 WASHINGTON BLVD<br>STAMFORD, CT 06902 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.68 CITY OF STEAMBOAT<br>115 10TH ST<br>STEAMBOAT SPRINGS, CO 80487 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.69 CITY OF STERLING<br>421 N 4TH ST<br>P.O. BOX 4000<br>STERLING, CO 80751 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.70 CITY OF THORNTON<br>ATTN: SALES TAX<br>9500 CIVIC CENTER DR<br>THORNTON, CO 80229 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.71 CITY OF TROY<br>500 W BIG BEAVER RD<br>TROY, MI 48084 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.72 CITY OF VAIL<br>75 S FRONTAGE RD W<br>VAIL, CO 81657 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.73 CITY OF WESTMINSTER<br>P.O. BOX 17107<br>DENVER, CO 80217-7107 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.74 CITY OF WHEAT RIDGE CITY HALL | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**    List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| 7500 W 29TH AVE<br>WHEAT RIDGE, CO 80033 | | | | | |
| 2.75 CITY OF WINTER PARK<br>50 VASQUEZ ROAD<br>P.O. BOX 3327<br>WINTER PARK, CO 80482 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.76 CIVIL & TAX DIVISION<br>120 S STEWART ST<br>DERIDDER, LA 70634 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.77 CLAY COUNTY<br>TAX COLLECTOR<br>P.O. BOX 218<br>GREEN COVE SPRINGS, FL 32043 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.78 CLAYTON COUNTY<br>TAX OFFICE<br>745 FOREST PKWY<br>FOREST PARK, GA 30297 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.79 COLORADO DEPT OF REVENUE<br>1881 PIERCE ST<br>ENTRANCE B<br>LAKEWOOD, CO 80214 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.80 COLORADO DEPT OF REVENUE<br>STATE TAX OFFICE DENVER<br>1375 S SHERMAN ST<br>DENVER, CO 80261 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.81 COLORADO DEPT OF REVENUE<br>P.O. BOX 17087<br>DENVER, CO 80217 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.82 COLORADO DEPT OF REVENUE<br>TAXATION DIVISION<br>LAKEWOOD, CO 80214 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.83 COMMONWEALTH OF PENNSYLVANIA<br>DEPT OF REVENUE<br>DEPT 280901<br>HARRISBURG, PA 17128 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.84 COMPTROLLER OF MARYLAND<br>60 WEST ST, STE 102<br>ANNAPOLIS, MD 21401 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.85 COMPTROLLER OF MARYLAND<br>REVENUE ADMINISTRATION DIVISION<br>110 CARROLL ST<br>ANNAPOLIS, MD 21401 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.86 COMPTROLLER OF THE TREASURY<br>110 CARROLL ST, STE 1<br>ANNAPOLIS, MD 21411 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.87 CULLMAN COUNTY COMMISSION<br>SALES TAX/REVENUE ENFORCEMENT<br>P.O. BOX 1206 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| CULLMAN, AL 35056 | | | | | |
| 2.88 DALLAS COUNTY<br>TAX OFFICE<br>500 ELM ST, STE 3300<br>DALLAS, TX 75202 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.89 DALPHNE REVENUE DIVION<br>P.O. DRAWER 1047<br>DAPHNE, AL 36526 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.90 DC OFFICE OF TAX AND REVENUE<br>1101 4TH ST SW, STE 270 W<br>WASHINGTON, DC 20024 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.91 DEKALB COUNTY<br>2414 AIRPORT RD W<br>FT PAYNE, AL 35968-3316 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.92 DELAWARE DIVISION OF REVENUE<br>THOMAS COLLINS BLDG<br>540 S DUPONT HWY<br>DOVER, DE 19901 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.93 DELAWARE DIVISION OF REVENUE<br>ATTN: KATHY L REVEL,DIRECTOR OF REVENUE<br>COPORATE RETURNS<br>P.O. BOX 2044<br>WILIMINGTON, DE 19899-2044 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.94 DEPARTMENT OF THE TREASURY<br>FINANCIAL MANAGEMENT SERVICE<br>CHECK RESOLUTION DIVISION<br>P.O. BOX 51316<br>PHILADELPHIA, PA 19115-6316 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.95 DEPT OF REVENUE - TAX DIV<br>ATTN: JOANN M EVERSON<br>P.O. BOX 110420<br>JUNEAU, AK 99811-0420 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.96 DEPT OF REVENUE - TREASURY<br>DIVISION<br>P.O. BOX 110405<br>JUNEAU, AK 99811 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.97 DEPT OF REVENUE SERVICES<br>P.O. BOX 5030<br>HARTFORD, CT 06102-5030 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.98 DEPT OF REVENUE SERVICES<br>450 COLUMBUS BLVD, STE 1<br>HARTFORD, CT 06103 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.99 DEPT OF REVENUE TAX DIV<br>ATTN: JAMIE K TAYLOR<br>550 W 7TH AVE, STE 500<br>ANCHORAGE, AK 99501 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.100 DEPT OF THE TREASURY | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**   List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| SUT MONTHLY RETURN<br>P.O. BOX 9024140<br>SAN JUAN, PR 00902-4140 | | | | | |
| 2.101 DIRECTOR OF TAXATION<br>830 PUNCHBOWL ST, RM 221<br>HONOLULU, HI 96813-5094 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.102 DISTRICT OF COLUMBIA<br>1101 4TH ST SW, STE 270 W<br>WASHINGTON, DC 20024 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.103 DIVISION OF REVENUE - WILMINGTON OFFICE<br>820 N FRENCH ST<br>WILMINGTON, DE 19801 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.104 DUVAL COUNTY<br>TAX COLLECTOR<br>231 E FORSYTH ST, STE 130<br>JACKSONVILLE, FL 32202 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.105 EL PASO COUNTY<br>TAX OFFICE<br>500 E SAN ANTONIO<br>EL PASO, TX 79901 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.106 EVANGELINEPARISH SALES/USETAX COMMISSION<br>P.O.BOX 367<br>VILLE PLATTE, LA 70586-0367 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.107 FINANCE & ADMINISTRATION DEPT<br>501 N W ST, STE 1201A<br>JACKSON, MS 39201 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.108 FINANCE DEPT<br>TAX & LICENSING DIVISION<br>1000 ENGLEWOOD PKWY<br>ENGLEWOOD, CO 80110-2373 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.109 FLORIDA DEPT OF REVENUE<br>5050 W TENNESSEE ST<br>TALLAHASSEE, FL 32399-0120 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.110 FLORIDA DEPT OF REVENUE<br>GENERAL COUNSEL<br>P.O. BOX 6668<br>TALLAHASSEE, FL 32314-6668 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.111 FLORIDA DEPT OF REVENUE<br>TAXPAYER SERVICES<br>MAIL STOP 3-200<br>5050 W TENNESSEE ST<br>TALLAHASSEE, FL 32399-0112 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.112 FULTON COUNTY<br>P.O. BOX 105052<br>ATLANTA, GA 30348 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.113 GEORGIA DEPT OF REVENUE | | ☑ ☑ ☐ | ☐ | $4,521.57 | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---------|---------------------------------------------------|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| 2595 CENTURY PKWY NE<br>ATLANTA, GA 30345 | | | | | |
| 2.114 GEORGIA DEPT OF REVENUE<br>COMPLIANCE DIVISION-CENTRAL<br>COLLECTION SECTION<br>1800 CENTURY BLVD NE, STE 9100<br>ATLANTA, GA 30345-3202 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.115 GEORGIA DEPT OF REVENUE<br>1800 CENTURY BLVD NE, STE 12000<br>ATLANTA, GA 30345 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.116 GRAPEVINE COLLEYVILLE ISD<br>TAX OFFICE<br>3072 MUSTANG DR<br>GRAPEVINE, TX 76051 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.117 GREENWOOD VILLAGE CITY HALL<br>GREENWOOD VILLAGE CITY HALL<br>6060 S QUEBEC ST<br>GREENWOOD VILLAGE, CO 80111 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.118 GWINNETT COUNTY<br>TAX COMMISSIONER<br>P.O. BOX 372<br>LAWRENCEVILLE, GA 30046-0372 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.119 HALEYVILLE CITY HALL<br>911 21ST ST<br>HALEYVILLE, AL 35565 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.120 HAWAII<br>DIRECTOR OF TAXATION<br>830 PUNCHBOWL ST, RM 221<br>HONOLULU, HI 96813-5094 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.121 HAWAII DEPT OF TAXATION<br>DIRECTOR OF TAXATION, CIVIL LEGAL<br>COMPLAINTS/LEGAL PROCESS<br>830 PUNCHBOWL ST, RM 221<br>HONOLULU, HI 96813-5094 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.122 HAWAII DEPT OF TAXATION<br>FRANCHISE AND PUBLIC SERVICE<br>COMPANY TAX<br>P.O. BOX 259<br>HONOLULU, HI 96809-0259 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.123 IBERIA PARISH SCHOOL BOARD<br>1500 JANE ST<br>NEW IBERIA, LA 70563 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.124 IBERVILLE PARISH GOVERNMENT<br>P.O. BOX 389<br>PLAQUEMINE, LA 70765 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.125 IBERVILLE PARISH GOVERNMENT<br>58050 MERIAM ST<br>PLAQUEMINE, LA 70764 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**   List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| 2.126 IDAHO STATE TAX COMMISSION<br>11321 W CHINDEN BLVD<br>BOISE, ID 83714-1021 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.127 IDAHO STATE TAX COMMISSION<br>P.O. BOX 36<br>BOISE, ID 83722 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.128 ILLINOIS DEPT OF REVENUE<br>555 W MONROE ST, STE 1100<br>CHICAGO, IL 60661 | | ☑ ☑ ☐ | ☐ | $2,314.80 | $0.00 |
| 2.129 ILLINOIS DEPT OF REVENUE<br>BANKRUPTCY UNIT<br>P.O. BOX 19035<br>SPRINGFIELD, IL 62794-9035 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.130 ILLINOIS DEPT OF REVENUE<br>CORPORATION INCOME - WITHOUT PAYMENT<br>P.O. BOX 19048<br>SPRINGFIELD, IL 62794-9048 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.131 ILLINOIS DEPT OF REVENUE<br>101 W JEFFERSON ST<br>SPRINGFIELD, IL 62702 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.132 ILLINOIS DEPT OF REVENUE<br>P.O. BOX 19013<br>SPRINGFIELD, IL 62794 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.133 INDIANA DEPARTMENT OF REVENUE<br>ATTN: CHARLOTTE ALLEN, SUPERVISOR<br>BANKRUPTCY SECTION<br>100 N SENATE AVE, MS 108<br>INDIANAPOLIS, IN 46204 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.134 INDIANA DEPARTMENT OF REVENUE<br>CORPORATE INCOME TAX, TAX ADMINISTRATION<br>P.O. BOX 7206<br>INDIANAPOLIS, IN 46207-7206 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.135 INDIANA DEPARTMENT OF REVENUE<br>100 N SENATE AVE, RM N105<br>INDIANAPOLIS, IN 46204 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.136 INDIANA DEPARTMENT OF REVENUE<br>100 N SENATE AVE, STE N248<br>INDIANAPOLIS, IN 46204 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.137 IOWA DEPT OF REVENUE<br>HOOVER STATE OFFICE BLDG<br>1305 E WALNUT ST, 1ST FL<br>DES MOINES, IA 50319 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.138 IOWA DEPT OF REVENUE<br>BANKRUPTCY<br>P.O. BOX 10330 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

| **Part 1:** | **List All Creditors with PRIORITY Unsecured Claims** |
| --- | --- |

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- |
| DES MOINES, IA 50306-0330 | | | | | |
| 2.139 IOWA DEPT OF REVENUE<br>IOWA CORPORATION INCOME TAX<br>P.O. BOX 10466<br>DES MOINES, IA 50306-0466 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.140 IRS ADVISORY GROUP<br>55 N. ROBINSON<br>MS 5021<br>OKLAHOMA CITY, OK 73102 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.141 IRVING ISD<br>TAX OFFICE<br>2621 W AIRPORT FWY<br>IRVING, TX 75062 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.142 JACKSON COUNTY<br>TAXING OFFICE<br>415 E 12TH ST<br>KANSAS CITY, MO  64106 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.143 JEFFERSON COUNTY<br>716 RICHARD ARRINGTON JR BLVD N<br>BIRMINGHAM, AL 35203 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.144 JEFFERSON COUNTY<br>TAX OFFICE<br>531 COURT PL, STE 604<br>LOUISVILLE, KY 40202 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.145 JEFFERSON COUNTY DEPT OF<br>REVENUE<br>P.O. BOX 830710<br>BIRMINGHAM, AL 35283-0710 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.146 JEFFERSON DAVIS PARISH SALES &<br>USE TAX<br>P.O. BOX 1161<br>JENNINGS, LA 70546 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.147 JEFFERSON DAVIS PARISH SALES &<br>USE TAX<br>203 E PLAQUEMINE ST<br>JENNINGS, LA 70546 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.148 JEFFERSON PARISH SHERIFF'S<br>OFFICE<br>1233 WESTBANK EXPRESSWAY<br>HARVEY, LA 70058 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.149 JUNEAU DEPT OF ADMINISTRATION<br>ATTN: MANDY JUDY, REVENUE<br>OFFICER<br>550 W 7TH AVE, STE 1650<br>ANCHORAGE, AK 99501-3510 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.150 KANSAS DEPT OF REVENUE<br>TAX OPERATIONS<br>P.O. BOX 3506 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:** List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| TOPEKA, KS 66625-3506 | | | | | |
| 2.151 KANSAS DEPT OF REVENUE<br>P.O. BOX 3506<br>TOPEKA, KS 66625-3506 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.152 KANSAS DEPT OF REVENUE<br>COPORATE TAX<br>P.O. BOX 750260<br>TOPEKA, KS 66699-0260 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.153 KANSAS DEPT OF REVENUE<br>LEGAL ADMINISTRATION<br>P.O. BOX 12005<br>TOPEKA, KS 66601-2005 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.154 KANSAS DEPT OF REVENUE<br>P.O. BOX 3506<br>TOPEKA, KS 66625 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.155 KENTUCKY DEPT OF REVENUE<br>DIVISION OF SALES & USE TAX<br>STATION 67 P.O. BOX 181<br>FRANKFORT, KY 40602-0181 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.156 KENTUCKY DEPT OF REVENUE<br>LEGAL SUPPORT BRANCH -<br>BANKRUPTCY<br>P.O. BOX 5222<br>FRANKFORT, KY 40602 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.157 KENTUCKY DEPT OF REVENUE<br>501 HIGH ST<br>FRANKFORT, KY 40601 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.158 KS DEPT OF REVENUE, TAX<br>OPERATIONS<br>P.O. BOX 3506<br>TOPEKA, KS 66625-3506 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.159 LAFAYETTE PARISH SCHOOL SYSTEM<br>207 TOWN CENTER PKWY, STE 101<br>LAFAYETTE, LA 70506 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.160 LAFOURCHE PARISH SCHOOL<br>DISTRICT<br>805 E 7TH ST<br>THIBODAUX, LA 70301 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.161 LAUREL COUNTY<br>TAX ASSESSOR<br>4598 OLD WHITLEY RD<br>LONDON, KY 40744 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.162 LEGAL DIVISION - BANKRUPTCY UNIT<br>P.O. BOX 766<br>CHARLESTON, WV 25323 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.163 LEON COUNTY<br>TAX COLLECTOR<br>P.O. BOX 1835 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---------|---------------------------------------------------|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| TALLAHASSEE, FL 32302-1835 | | | | | |
| 2.164 LEXINGTON COUNTY<br>TAX ASSESSOR<br>212 S LAKE DR, STE 201<br>LEXINGTON, SC 29072 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.165 LIVINGSTON PARISH<br>P.O. BOX 1030<br>LIVINGSTON, LA 70754 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.166 LIVINGSTON PARISH<br>13909 FLORIDA BLVD<br>LIVINGSTON, LA 70754 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.167 LONGMONT SALES TAX DIVISION<br>LONGMONT SALES TAX DIVISION<br>350 KIMBARK ST<br>LONGMONT, CO 80501 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.168 LOS ANGELES COUNTY<br>TREASURER & TAX COLLECTOR<br>KENNETH HAHN HALL OF<br>ADMINISTRATION<br>500 W TEMPLE ST<br>LOS ANGELES, CA 90012 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.169 LOS ANGELES COUNTY<br>P.O. BOX 54888<br>LOS ANGELES, CA 90054 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.170 LOUISIANA DEPT OF REVENUE<br>P.O. BOX 3138<br>BATON ROUGE, LA 70821-3138 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.171 LOUISIANA DEPT OF REVENUE<br>COLLECTION DIVISION, BANKRUPTCY<br>SECTION<br>P.O. BOX 66658<br>BATON ROUGE, LA 70896-6658 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.172 LOUISIANA DEPT OF REVENUE<br>P.O. BOX 201<br>BATON ROUGE, LA 70821 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.173 LUBBOCK COUNTY<br>TAX ASSESSOR<br>916 MAIN ST, STE 102<br>LUBBOCK, TX 79401 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.174 MADISON COUNTY<br>100 N SIDE SQ<br>1918 N MEMORIAL PKWY<br>HUNTSVILLE, AL 35801 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.175 MADISON PARISH<br>P.O. BOX 100<br>VIDALIA, LA 71373 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.176 MADISON PARISH<br>508 JOHN DALE DR | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
| --- | --- |

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- |
| VIDALIA, LA 71373 | | | | | |
| 2.177 MAINE REVENUE SERVICES P.O. BOX 1057 AUGUSTA, ME 04332-1057 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.178 MAINE REVENUE SERVICES CORPORATE INCOME TAX - WITHOUT PAYMENT P.O. BOX 1064 AUGUSTA, ME 04332-1064 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.179 MAINE REVENUE SERVICES CORPORATE TAX UNIT P.O. BOX 9107 AUGUSTA, ME 4332 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.180 MAINE REVENUE SVC 24 STATE HOUSE STA AUGUSTA, ME 04333 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.181 MARYLAND 60 WEST ST, STE 102 ANNAPOLIS, MD 21401 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.182 MASSACHUSETTS DEPT OF REVENUE P.O. BOX 419257 BOSTON, MA 02241-9257 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.183 MASSACHUSETTS DEPT OF REVENUE P.O. BOX 7003 BOSTON, MA 02204 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.184 MASSACHUSETTS DEPT OF REVENUE 19 STANIFORD ST BOSTON, MA 02114 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.185 MASSACHUSETTS DEPT OF REVENUE P.O. BOX 7044 BOSTON, MA 02204 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.186 MASSACHUSETTS DEPT OF REVENUE P.O. BOX 9490 BOSTON, MA 02205 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.187 MASSACHUSETTS DEPT OF REVENUE COLLECTIONS BUREAU/BANKRUPTCY UNIT P. O. BOX 7090 BOSTON, MA 02204-7090 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.188 MECKLENBURG COUNTY COLLECTOR P.O. BOX 71063 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:** List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| CHARLOTTE, NC 28272 | | | | | |
| 2.189 MICHIGAN DEPT OF TREASURY<br>LANSING, MI 48922<br>LANSING, MI 48922 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.190 MICHIGAN DEPT OF TREASURY<br>COLLECTION SERVICES BUREAU,<br>BANKRUPTCY UNIT - EASTERN DISTRI<br>P.O. BOX 30456<br>LANSING, MI 48909-8274 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.191 MICHIGAN DEPT OF TREASURY<br>COLLECTION SERVICES BUREAU,<br>BANKRUPTCY UNIT - WESTERN<br>DISTRI<br>P.O. BOX 30455<br>LANSING, MI 48909-8274 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.192 MICHIGAN DEPT OF TREASURY<br>CORPORATE INCOME TAX<br>P.O. BOX 30774<br>LANSING, MI 48909-8274 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.193 MICHIGAN DEPT OF TREASURY<br>TAX ADMIN<br>LANSING, MI 48922 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.194 MICHIGAN DEPT OF TREASURY<br>TAX POLICY DIV<br>ATTN: LITIGATION LIAISON<br>430 W ALLEGAN ST, 2ND FL, AUSTIN<br>BLDG<br>LANSING, MI 48922 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.195 MINNESOTA DEPT OF REVENUE<br>600 N ROBERT ST<br>ST PAUL, MN 55146 | | ☑ ☑ ☐ | ☐ | $402.00 | $0.00 |
| 2.196 MINNESOTA DEPT OF REVENUE<br>COLLECTION DIVISION/BANKRUPTCY<br>P.O. BOX 64564<br>ST PAUL, MN 55164-0564 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.197 MINNESOTA DEPT OF REVENUE<br>CORPORATION FRANCHISE TAX<br>600 N ROBERT ST, MAIL STATION 5140<br>ST PAUL, MN 55146-5140 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.198 MISSISSIPPI<br>SALES & USE TAX BUREAU<br>P. O. BOX 1033<br>JACKSON, MS 39215 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.199 MISSISSIPPI DEPT OF REVENUE<br>BANKRUPTCY<br>500 CLINTON CTR DR<br>CLINTON, MS 39056 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.200 MISSISSIPPI DEPT OF REVENUE | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---------|---------------------------------------------------|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| BANKRUPTCY<br>P.O. BOX 22808<br>JACKSON, MS 39225-2808 | | | | | |
| 2.201 MISSISSIPPI DEPT OF REVENUE<br>CORPORATE AND FRANCHISE<br>P.O. BOX 23191<br>JACKSON, MS 39225-3050 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.202 MISSOURI<br>TAXATION DIVISION<br>P.O. BOX 840<br>JEFFERSON CITY, MO 65105-0840 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.203 MISSOURI DEPT OF REVENUE<br>CORPORATION INCOME<br>P.O. BOX 700<br>JEFFERSON CITY, MO 65105-0700 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.204 MISSOURI DEPT OF REVENUE<br>HARRY S TRUMAN BLDG<br>301 W HIGH S<br>JEFFERSON CITY, MO 65101 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.205 MISSOURI DEPT OF REVENUE<br>P.O. BOX 311<br>JEFFERSON CITY, MO 65105 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.206 MONTANA DEPT OF REVENUE<br>CORPORATE INCOME TAX<br>P.O. BOX 8021<br>HELENA, MT 59604-8021 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.207 MONTANA DEPT OF REVENUE<br>COUNTY COLLECTIONS AND STATE<br>FEES<br>P.O. BOX 6169<br>HELENA, MT 59604-5805 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.208 MONTANA DEPT OF REVENUE<br>LEGAL SERVICES<br>MITCHELL BLDG, RM 455<br>P.O. BOX 5805<br>HELENA, MT 59604-5805 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.209 MONTANA DEPT OF REVENUE<br>MITCHELL BLDG<br>125 N ROBERTS<br>P.O. BOX 5805<br>HELENA, MT 59604-5805 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.210 MONTGOMERY COUNTY<br>COMMISSION<br>TAX & AUDIT DEPT<br>P. O. BOX 4779<br>MONTGOMERY, AL 36103-4779 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**     List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| 2.211 MUSCOGEE COUNTY<br>P.O. BOX 1441<br>COLUMBUS, GA 31902-1340 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.212 NEBRASKA DEPT OF REVENUE<br>P.O. BOX 98923<br>LINCOLN, NE 68509-8923 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.213 NEBRASKA DEPT OF REVENUE<br>301 CENTENNIAL MALL S<br>LINCOLN, NE 68508 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.214 NEBRASKA DEPT OF REVENUE<br>P.O. BOX 94818<br>LINCOLN, NE 68509 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.215 NEW HAMPSHIRE DEPT OF REVENUE<br>ADMIN<br>LEGAL BUREAU<br>P.O. BOX 457<br>CONCORD, NH 03302-0457 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.216 NEW JERSEY DIVISION OF TAXATION<br>P.O. BOX 999<br>TRENTON, NJ 08646-0999 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.217 NEW MEXICO TAXATION & REVENUE<br>DEPT<br>1200 S ST FRANCIS DR<br>SANTA FE, NM 87505 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.218 NEW MEXICO TAXATION AND<br>REVENUE<br>BUSINESS TAXES<br>P.O. BOX 25128<br>SANTA FE, NM 87504-5128 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.219 NEW MEXICO TAXATION AND<br>REVENUE<br>CORPORATE INCOME AND<br>FRANCHISE TAX<br>P.O. BOX 25128<br>SANTA FE, NM 87504-5127 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.220 NEW MEXICO TAXATION AND<br>REVENUE<br>LEGAL SERVICES<br>P.O. BOX 630<br>SANTA FE, NM 87505 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.221 NEW YORK STATE COMPTROLLER<br>OFC<br>110 STATE ST<br>ALBANY, NY 12207 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.222 NORTH CAROLINA DEPARTMENT OF<br>REVENUE<br>ATTN: BANKRUPTCY UNIT<br>P.O. BOX 1168 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**     List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| RALEIGH, NC 27602 | | | | | |
| 2.223 NORTH CAROLINA DEPT OF REVENUE<br>P.O. BOX 25000<br>RALEIGH, NC 27640-0640 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.224 NORTH CAROLINA DEPT OF REVENUE<br>LEGAL PLEADINGS<br>P.O. BOX 871<br>RALEIGH, NC 27602 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.225 NORTH CAROLINA DEPT OF REVENUE<br>501 N WILMINGTON ST<br>RALEIGH, NC 27604 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.226 NORTH CAROLINA DEPT OF REVENUE<br>P.O. BOX 25000<br>RALEIGH, NC 27640 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.227 NORTH DAKOTA<br>600 E BLVD AVE, DEPT 127<br>BISMARCK, ND 58505-0599 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.228 NYS DEPT OF TAXATION AND FINANCE<br>BANKRUPTCY SECTION<br>P.O. BOX 5300<br>ALBANY, NY 12205 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.229 NYS DEPT OF TAXATION AND FINANCE<br>DIVISION OF THE TREASURY<br>P.O. BOX 22119<br>ALBANY, NY 12201-2119 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.230 NYS DEPT OF TAXATION AND FINANCE<br>ATTN: OFFICE OF COUNSEL<br>W A HARRIMAN CAMPUS, BLDG 9<br>ALBANY, NY 12227 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.231 NYS SALES TAX PROCESSING<br>P.O. BOX 15172<br>ALBANY, NY 12212-5172 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.232 OFFICE OF STATE TAX COMMISSIONER<br>600 E BLVD AVE, DEPT 127<br>BISMARCK, ND 58505 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.233 OFFICE OF TAX AND REVENUE<br>ATTN: MARC ARONIN, CHIEF OF COLLECTION DIVISION<br>COMPLIANCE ADMINISTRATION, COLLECTION DIVISION<br>1101 4TH ST SW<br>WASHINGTON, DC 20024 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.234 OFFICE OF TAX AND REVENUE | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**   List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| ATTN: STEPHANIE JETER, SUPERVISORY REVENUE OFFICER COMPLIANCE ADMINISTRATION, COLLECTION DIVISION P.O. BOX 37559 WASHINGTON, DC 20013 | | | | | |
| 2.235 OFFICE OF TAX AND REVENUE 1101 4TH S SW, STE 270 WASHINGTON, DC 20024 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.236 OHIO DEPT OF TAXATION ATTN: BUSINESS TAX DIVISION P.O. BOX 2678 COLUMBUS, OH 43216-2678 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.237 OHIO DEPT OF TAXATION COMMERCIAL ACTIVITY/SALES AND USE ATTN: COMPLIANCE TAX DIVISION P.O. BOX 2678 COLUMBUS, OH 43216-2678 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.238 OHIO DEPT OF TAXATION COMMERCIAL ACTIVITY/SALES AND USE ATTN: COMPLIANCE TAX DIVISION P.O. BOX 16678 COLUMBUS, OH 43216-6678 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.239 OHIO DEPT OF TAXATION CORPORATE FRANCHISE TAX P.O. BOX 27 COLUMBUS, OH 43216-0027 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.240 OHIO DEPT OF TAXATION 4485 NORTHLAND RIDGE BLVD COLUMBUS, OH 43229 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.241 OKLAHOMA TAX COMMISSION 2501 N LINCOLN BLVD OKLAHOMA CITY, OK 73194 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.242 OKLAHOMA TAX COMMISSION FRANCHISE TAX RETURN P.O. BOX 26850 OKLAHOMA CITY, OK 73126-3160 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.243 OREGON DEPARTMENT OF REVENUE P.O. BOX 14790 SALEM, OR 97310 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.244 PA DEPT OF REVENUE P.O. BOX 280905 HARRISBURG, PA 17128-0905 | | ☑ ☑ ☐ | ☐ | $2,354.00 | $0.00 |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**   List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| 2.245 PARISH OF ST BERNARD<br>SALES & USE TAX DEPT<br>P.O. BOX 168<br>CHALMETTE, LA 70044 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.246 PLAQUEMINES PARISH SALES TAX DIVISION<br>333 F EDWARD HEBERT BLVD<br>BUILDING 102, STE 345<br>BELLE CHASSE, LA 70037 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.247 POINTE COUPEE PARISH SALES & USE TAX DEP<br>P.O. BOX 290<br>NEW ROADS, LA 70760 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.248 POINTE COUPEE PARISH SALES & USE TAX DEP<br>160 E MAIN ST<br>NEW ROADS, LA 70760 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.249 PULASKI & LITTLE ROCK TAX<br>LEDBETTER BUILDING<br>1816 W 7TH ST, RM 1330<br>LITTLE ROCK, AR 72201 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.250 RAPIDES PARISH SALES & USE TAX DEPT<br>5606 COLISEUM BLVD<br>ALEXANDRIA, LA 71303 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.251 REVENUE & FINANCE DEPT<br>1305 E WALNUT ST<br>DES MOINES, IA 50319 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.252 REVENUE & TAXATION DEPT<br>617 N 3RD ST<br>BATON ROUGE, LA 70802 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.253 REVENUE ADM DEPT<br>57 REGIONAL DR<br>CONCORD, NH 03301 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.254 REVENUE ADMINISTRATION<br>P.O. BOX 13528<br>AUSTIN, TX 78711 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.255 REVENUE DEPT<br>205 GOVERNMENT ST, S TOWER, RM 243<br>P.O. BOX 3065<br>MOBILE, AL 36652-3065 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.256 REVENUE DEPT<br>616 E ST<br>ANCHORAGE, AK 99501 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.257 REVENUE DEPT<br>540 S DUPONT HWY, STE 2<br>DOVER, DE 19901 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:** List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| 2.258 REVENUE OPERATIONS BUREAU<br>P.O. BOX 36<br>BOISE, ID 83722 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.259 REVENUE SERVICES DEPT<br>25 SIGOURNEY ST<br>HARTFORD, CT 6106 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.260 RHODE ISLAND DIVISION OF TAXATION<br>1 CAPITOL HILL<br>PROVIDENCE, RI 02908 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.261 RHODE ISLAND DIVISION OF TAXATION<br>ONE CAPITAL HILL<br>PROVIDENCE, RI 2908 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.262 RICHARDSON ISD<br>TAX OFFICE<br>420 S GREENVILLE AVE<br>RICHARDSON, TX 75081 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.263 RICHLAND PARISH SALES & USE TAX COMM<br>P.O. BOX 688<br>RAYVILLE, LA 71269 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.264 ROCKCASTLE COUNTY<br>FISCAL COURT<br>P.O. BOX 755<br>MT VERNON, KY 40456 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.265 SACRAMENTO COUNTY<br>TAX OFFICE<br>P.O. BOX 508<br>SACRAMENTO, CA 95812-0508 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.266 SALES & USE TAX BUREAU<br>P. O. BOX 1033<br>JACKSON, MS 39215 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.267 SALES TAX DIVISION<br>SALES TAX DIVISION<br>P.O. BOX 1427<br>PUEBLO, CO 81002 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.268 SHELBY COUNTY<br>TAX COLLECTOR<br>102 DEPOT ST<br>COLUMBIANA, AL 35051 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.269 SHELBY COUNTY BUSINESS REVENUE OFFICE<br>200 W COLLEGE ST, RM 115<br>COLUMBIANA, AL 35051 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.270 SOUTH CAROLINA DEPT OF REVENUE<br>ATTN: DIRECTOR<br>P.O. BOX 125 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:** List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| COLUMBIA, SC 29214-0505 | | | | | |
| 2.271 SOUTH DAKOTA DEPT OF REVENUE<br>445 E CAPITOL AVE<br>PIERRE, SD 57501 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.272 ST CHARLES PARISH SALES TAX<br>13855 RIVER RD<br>LULING, LA 70070 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.273 ST JAMES PARISH<br>P.O. BOX 106<br>5800 HWY 44<br>CONVENT, LA 70723 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.274 ST JOHN THE BAPTIST PARISH<br>GOVERNMENT<br>1811 W AIRLINE HWY<br>LAPLACE, LA 70068 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.275 ST LOUIS COUNTY<br>TAX COLLECTOR<br>16860 MAIN ST<br>WILDWOOD, MO 63040 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.276 ST MARTIN PARISH SCHOOL BOARD<br>OFFICE<br>600 CORPORATE BLVD<br>P.O. BOX 1000<br>BREAUX BRIDGE, LA 70517 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.277 ST MARY PARISH SALES & USE TAX<br>DEPT<br>P.O. DRAWER 1279<br>MORGAN CITY, LA 70381-1279 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.278 ST MARY PARISH SALES & USE TAX<br>DEPT<br>301 3RD ST<br>MORGAN CITY, LA 70380 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.279 ST TAMMANY PARISH<br>SLIDELL ADMINISTRATIVE BUILDING<br>300 BROWNSWITCH RD<br>SLIDELL, LA 70458 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.280 ST. LANDRY PARISH SCHOOL BOARD<br>P.O. BOX 1210<br>OPELOUSAS, LA 70571-1210 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.281 ST. LANDRY PARISH SCHOOL BOARD<br>1013 CRESWELL LN<br>OPELOUSAS, LA 70570 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.282 STATE COMPTROLLER OF INDIANA<br>200 W WASHINGTON ST, STE 240<br>INDIANAPOLIS, IN 46204 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.283 STATE DEPT OF ASSESSMENTS &<br>TAXATION | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:** List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| ATTN: STEPHEN J CLAMPETT, ASSOCIATE DIRECTOR 301 W PRESTON ST ANNAPOLIS, MD 21201-2395 | | | | | |
| 2.284 STATE OF ALASKA REVENUE DEPT P.O. BOX 110400 JUNEAU, AK 99811 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.285 STATE OF ARKANSAS DEPT OF FINANCE AND ADMIN P.O. BOX 8123 LITTLE ROCK, AR 72203-8123 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.286 STATE OF CALIFORNIA FRANCHISE TAX BOARD BANKRUPTCY SECTION MS A345, BUSINESS BANKRUPTCY P.O. BOX 2952 SACRAMENTO, CA 95812-2952 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.287 STATE OF CALIFORNIA FRANCHISE TAX BOARD P.O. BOX 942857 SACRAMENTO, CA 94257-0501 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.288 STATE OF CALIFORNIA ATTN: JOZEL BRUNETT, CHIEF COUNSEL FRANCHISE TAX BOARD, LEGAL DIVISION P.O. BOX 1720 RANCHO CORDOVA, CA 95741-1720 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.289 STATE OF NEVADA SALES/USE TAX P.O. BOX 52609 PHOENIX, AZ 85072-2609 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.290 STATE OF NEVADA DEPT OF TAXATION GRANT SAWYER OFFICE BLDG 555 E WASHINGTON AVE, STE 1300 LAS VEGAS, NV 89101 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.291 STATE OF NEVADA DEPT OF TAXATION 1550 E COLLEGE PKWY, STE 115 CARSON CITY, NV 89706 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.292 STATE OF NEVADA, SALES/USE TAX P.O. BOX 52609 PHOENIX, AZ 85072-2609 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.293 STATE OF NEW JERSEY DIVISION OF TAXATION, BANKRUPTCY UNIT 3 JOHN FITCH WAY, 5TH FL P.O. BOX 245 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**    List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| TRENTON, NJ 08695-0245 | | | | | |
| 2.294 STATE OF NEW JERSEY<br>DIVISION OF TAXATION, REVENUE POCESSING CENTER<br>P.O. BOX 666<br>TRENTON, NJ 08646-0666 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.295 STATE OF TEXAS<br>111 E 17TH S<br>AUSTIN, TX 78774 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.296 TANGIPAHOA PARISH SALES TAX<br>P.O. BOX 159<br>AMITE, LA 70422 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.297 TANGIPAHOA PARISH SALES TAX<br>106 N MYRTLE ST<br>AMITE, LA 70422 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.298 TARRANT COUNTY<br>TOWN HALL<br>1400 MAIN ST, STE 110<br>SOUTHLAKE, TX 76092 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.299 TAX & STATE REVENUE<br>955 CENTER ST NE<br>SALEM, OR 97310 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.300 TAX COMMISSION<br>800 PARK BLVD<br>BOISE, ID 83712 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.301 TAX COMPLIANCE DEPT<br>200 FAIR OAKS LN<br>FRANKFORT, KY 40601 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.302 TAX DEPT<br>3301 C ST, STE 712<br>SACRAMENTO, CA 95816 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.303 TAXATION & REVENUE DEPT<br>1200 S SAINT FRANCIS DR<br>SANTA FE, NM 87505 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.304 TAXATION DEPT<br>3610 W BROAD ST, STE 101<br>RICHMOND, VA 23230 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.305 TAXATION DIVISION<br>P.O. BOX 840<br>JEFFERSON CITY, MO 65105-0840 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.306 TAXATION DIVISION<br>50 BARRACK ST<br>TRENTON, NJ 08608 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.307 TAXATION DIVISION<br>30 E BROAD ST, STE 22<br>COLUMBUS, OH 43215 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.308 TAXATION DIVISION | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:** List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| 800 FREEWAY DR N<br>COLUMBUS, OH 43229 | | | | | |
| 2.309 TENNESSEE DEPT OF REVENUE<br>ANDREW JACKSON BLDG<br>500 DEADERICK ST<br>NASHVILLE, TN 37242 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.310 TERREBONNE PARISH<br>GOVERNMENT TOWER<br>8026 MAIN ST, STE 601<br>HOUMA, LA 70360 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.311 TERREBONNE PARISH<br>P.O. BOX 670<br>HOUMA, LA 70361 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.312 TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>LYNDON B JOHNSON STATE OFFICE BLDG<br>111 E 17TH ST<br>AUSTIN, TX 78774 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.313 TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>P.O. BOX 13528<br>CAPITOL STATION<br>AUSTIN, TX 78711-3528 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.314 THE REVENUE CENTER<br>1001 LEE ST E<br>CHARLESTON, WV 25301 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.315 TOWN OF MEDFORD TREASURER<br>85 GEORGE P HASSETT DR<br>MEDFORD, MA 02155 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.316 TOWN OF WESTWOOD<br>UNIVERSITY AVE<br>580 HIGH ST<br>WESTWOOD, MA 02090 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.317 TRAVIS COUNTY<br>TAX OFFICE<br>2433 RIDGEPOINT DR<br>AUSTIN, TX 78754-5231 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.318 TUSCALOOSA COUNTY<br>P.O. BOX 20738<br>TUSCALOOSA, AL 35402-0738 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.319 UNION PARISH SALES & USE TAX COMMISSION<br>P.O. BOX 903<br>RUSTON, LA 71273-0903 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.320 US DEPARTMENT OF TREASURY<br>1500 PENNSYLVANIA AVENUE, NW | | ☑ ☑ ☐ | ☐ | $11,496,281.98 | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:** **List All Creditors with PRIORITY Unsecured Claims**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| WASHINGTON, DC 20220 <br> 1 | | | | | |
| 2.321 UTAH STATE TAX COMMISSION <br> 210 N 1950 W <br> SALT LAKE CITY, UT 84134 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.322 VERMILION PARISH SCHOOL BOARD <br> SALES TAX DIVISION <br> P.O. BOX 1508 <br> ABBEVILLE, LA 70511 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.323 VERMONT DEPT OF TAX <br> 133 STATE ST <br> MONTPELIER, VT 05602 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.324 VERMONT DEPT OF TAXES <br> P.O. BOX 1881 <br> MONTPELIER, VT 05601-1881 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.325 VIRGINIA DEPT OF TAXATION <br> P.O. BOX 1115 <br> RICHMOND, VA 23218-1115 | | ☑ ☑ ☐ | ☐ | $6,841.58 | $0.00 |
| 2.326 WASHINGTON DEPT OF REVENUE <br> P.O. BOX 47464 <br> OLYMPIA, WA 98504 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.327 WASHINGTON PARISH SHERIFF'S OFFICE <br> SALES & USE TAX DEPT <br> 1002 MAIN ST <br> FRANKLINTON, LA 70438 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.328 WASHINGTON STATE <br> DEPT OF REVENUE <br> P.O. BOX 47464 <br> OLYMPIA, WA 98504-7464 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.329 WASHINGTON STATE DEPT OF REVENUE <br> ATTN: BANKRUPTCY UNIT <br> 2101 4TH AVE, STE 1400 <br> SEATTLE, WA 98121 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.330 WEST BATON ROUGE REVENUE & TAXATION <br> REVENUE & TAXATION <br> P.O. BOX 86 <br> PORT ALLEN, LA 70767 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.331 WEST BATON ROUGE REVENUE & TAXATION <br> REVENUE & TAXATION <br> 883 7TH ST <br> PORT ALLEN, LA 70767 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.332 WEST VIRIGINA DEPT OF REVENUE <br> TAX INFORMATION & ASSISTANCE <br> 1001 LEE ST E | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |

## Schedule E/F: Creditors Who Have Unsecured Claims

| **Part 1:** | List All Creditors with PRIORITY Unsecured Claims |
| --- | --- |

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- |
| CHARLESTON, WV 25301 | | | | | |
| 2.333 WISCONSIN DEPT OF REVENUE<br>P.O. BOX 8965<br>MADISON, WI 53708 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.334 WISCONSIN STATE<br>P.O. BOX 8902<br>P.O. BOX 8949<br>MADISON, WI 53708 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.335 WYOMING DEPT OF REVENUE<br>HERSCHLER BLDG E, 2ND FL W<br>122 W 25TH ST<br>CHEYENNE, WY 82002-0110 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |
| 2.336 WYOMING DEPT OF REVENUE<br>122 W 125TH S, STE E301<br>CHEYENNE, WY 82002 | | ☑ ☑ ☐ | ☐ | UNDETERMINED | $0.00 |

**Taxes Total:   $11,514,575.34 + UNDETERMINED      UNDETERMINED**

| 2. **Total: All Creditors with PRIORITY Unsecured Claims** | **$11,514,575.34** + UNDETERMINED | **$0.00** |
| --- | --- | --- |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**    **List All Creditors with PRIORITY Unsecured Claims**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|

**Footnotes - Schedule EF Part 1**

1. Includes total estimated amounts owed under the CARES Act

# Schedule E/F: Creditors Who Have Unsecured Claims

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| **Accounts Payable** | | | | | |
| 3.1 510 TOWNSHIP LINE PARTNERS, LP<br>100 FRONT ST, STE 560<br>W CONSHOHOCKEN, PA 19428 | | ☐ ☐ ☐ | ACCOUNTS PAYABLE | ☐ | $401.23 |
| 3.2 ABBYY USA SOFTWARE HOUSE INC<br>600 CONGRESS AVE OFFICE 15015<br>AUSTIN, TX 78701 | | ☐ ☐ ☐ | ACCOUNTS PAYABLE | ☐ | $2,382.00 |
| 3.3 CERIDA INVESTMENT CORP.<br>3930 COMMERCE AVE<br>WILLOW GROVE, PA 19090 | | ☐ ☐ ☐ | ACCOUNTS PAYABLE | ☐ | $189.60 |
| 3.4 MITEK SYSTEMS, INC<br>770 1ST AVE SUITE 425. SAN DIEGO, CA 92101 | | ☐ ☐ ☐ | ACCOUNTS PAYABLE | ☐ | $229,000.00 |
| 3.5 NCC GROUP SOFTWARE RESILLENCE<br>11675 RAINWATER DR STE 260<br>ALPHARETTA, GA, 30009-8693 | | ☐ ☐ ☐ | ACCOUNTS PAYABLE | ☐ | $2,465.00 |
| 3.6 RELIANCE COMMUNICATIONS INTERNATIONAL INC<br>450 LEXINGTON AVE FL 2<br>PO BOX 4444<br>NEW YORK, NY 10017 | | ☐ ☐ ☐ | ACCOUNTS PAYABLE | ☐ | $7.99 |
| 3.7 STAPLES CONTRACT & COMM<br>DBA STAPLES BUSINESS ADVANTAGE<br>P.O. BOX 660409<br>DALLAS, TX 75266-0409 | | ☐ ☐ ☐ | ACCOUNTS PAYABLE | ☐ | $66.88 |
| 3.8 W.B. MASON CO, INC.<br>59 CENTRE ST<br>BROCKTON, MA 02301-4014 | | ☐ ☐ ☐ | ACCOUNTS PAYABLE | ☐ | $186.27 |
| | | | | Accounts Payable Total: | **$234,698.97** |
| **Intercompany Payable** | | | | | |
| 3.9 BANCTEC, INC.<br>2701 E. GRAUWYLER ROAD<br>IRVING, TX 75061 | | ☑ ☑ ☐ | INTERCOMPANY | ☐ | $6,445,993.10 |
| 3.10 TRANSCENTRA, INC.<br>2701 E. GRAUWYLER ROAD | | ☑ ☑ ☐ | INTERCOMPANY | ☐ | $12,368,501.34 |

# Schedule E/F: Creditors Who Have Unsecured Claims

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| IRVING, TX 75061 | | | | | |
| | | | Intercompany Payable Total: | | $18,814,494.44 |

### July 2026 Notes

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| 3.11 U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE<br>WEST SIDE FLATS<br>60 LIVINGSTON AVE.<br>ATTN: ADMINISTRATOR--EXELA INTERMEDIATE LLC<br>ST. PAUL, MN 55107 | 07/11/2023 | ☑ ☑ ☐ | | ☐ | $25,666,358.00 |
| | | | July 2026 Notes Total: | | $25,666,358.00 |

### Unsecured wages

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| 3.12 [REDACTED NAME]<br>[REDACTED ADDRESS] | | ☑ ☑ ☐ | BONUS COMPENSATION | ☐ | $55,193.00 |
| | | | Unsecured wages Total: | | $55,193.00 |

| 3. | Total: All Creditors with NONPRIORITY Unsecured Claims | | | $44,770,744.41 |
|---|---|---|---|---|

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 3:**     **List Others to Be Notified About Unsecured Claims**

4. **List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

| Creditor's Name, Mailing Address Including Zip Code | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number for this entity |
|---|---|---|

### Senior Secured July 2026 Notes

4.1   KING & SPALDING LLP
1185 AVENUE OF THE AMERICAS
ATTN: JENNIFER DALY
NEW YORK, NY 10036

4.2   SEI - BLUE TORCH CAPITAL LOANS OPS
1 FREEDOM VALLEY DRIVE
OAKS, PA 19456

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 4:**    **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5.  **Add the amounts of priority and nonpriority unsecured claims.**

5a.  **Total claims from Part 1**

$11,514,575.34
+ UNDETERMINED

5b.  **Total claims from Part 2**

$44,770,744.41
+ UNDETERMINED

5c.  **Total of Parts 1 and 2**
Lines 5a + 5b = 5c.

$56,285,319.75
+ UNDETERMINED

| Fill in this information to identify the case and this filing: |
| --- |

| Debtor Name: | J & B Software, Inc. |
| United States Bankruptcy Court: | Southern District of Texas |
| Case Number (if known): | 25-90055 |

Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**Part 1:**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

2. **List all contracts and unexpired leases**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
| --- | --- | --- | --- | --- | --- |

**Other contracts**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
| --- | --- | --- | --- | --- | --- |
| 2.1 EVALUATION LICENSE AGREEMENT | | | ☐ | A2IA CORP. | 24 W 40TH ST, 3RD FL NEW YORK, NY 10018 |
| 2.2 JUNE 2016 AMENDMENT TO LICENSE AGREEMENT | | | ☐ | A2IA CORP. | 584 BROADWAY, STE 810 NEW YORK, NY 10012 |
| 2.3 EVALUATION LICENSE AGREEMENT | | | ☐ | A2IA CORP. | 24 W 40TH ST, 3RD FL NEW YORK, NY 10018 |
| 2.4 AUGUST 2017 AMENDMENT TO THE LICENSE AGREEMENT | | | ☐ | A2IA CORP. | 584 BROADWAY, STE 810 NEW YORK, NY 10012 |
| 2.5 JUNE 2016 AMENDMENT TO LICENSE AGREEMENT | | | ☐ | A2IA CORP. | 584 BROADWAY, STE 810 NEW YORK, NY 10012 |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.6 FIRST AMENDMENT TO SOFTWARE LICENSE AGREEMENT | | | ☐ | A2IA CORP. | 584 BROADWAY, STE 810 NEW YORK, NY 10012 |
| 2.7 CONSENT TO CHANGE OF CONTROL OF J& B SOFTWARE, INC. | | | ☐ | A2IA CORP. | 584 BROADWAY, STE 810 NEW YORK, NY 10012 |
| 2.8 SOFTWARE LICENSE AGREEMENT | | | ☐ | A2IA CORP. | 688 AVENUE OF THE AMERICAS, STE 201 NEW YORK, NY 10010 |
| 2.9 SOFTWARE LICENSE AGREEMENT | | | ☐ | A2IA CORP. | EPSTEIN BECKER & GREEN, P.C. 250 PARK AVE NEW YORK, NY 10177 |
| 2.10 SOFTWARE MAINTENANCE AND SUPPORT AGREEMENT | | | ☐ | A2IA CORP. | 688 AVENUE OF THE AMERICAS, STE 201 & 202 NEW YORK, NY 10010 |
| 2.11 SOFTWARE MAINTENANCE AND SUPPORT AGREEMENT | | | ☐ | A2IA CORP. | EPSTEIN BECKER & GREEN, P.C. 250 PARK AVE NEW YORK, NY 10177 |
| 2.12 AUGUST 2017 AMENDMENT TO THE LICENSE AGREEMENT | | | ☐ | A2IA CORP. | 24 W 40TH ST, 3RD FL NEW YORK, NY 10018 |
| 2.13 CONSENT LETTER - OCTOBER 2, 2007 | | | ☐ | A2IA CORPORATION | 584 BROADWAY, STE 810 NEW YORK, NY 10012 |
| 2.14 EXHIBIT C1 -LICENSE FEE/EXHIBIT D1-SOFTWARE SUPPORT FEE | | | ☐ | A2IA CORPORATION | 584 BROADWAY, STE 810 NEW YORK, NY 10012 |
| 2.15 EVALUATION LICENSE AGREEMENT | | | ☐ | MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C. | 666 THIRD AVE NEW YORK, NY 10017 |
| 2.16 EVALUATION LICENSE AGREEMENT | | | ☐ | MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, PC | 666 3RD AVE NEW YORK, NY 10017 |
| 2.17 PRODUCT END OF LIFE NOTICE LETTER | | | ☐ | MITEK SYSTEMS | 600 B STREET, SUITE 100, IN SAN DIEGO, CA, USA SAN DIEGO, CA 92101 |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.18 AMENDMENT NO. 05 TO MITEK OEM AGREEMENT SIGNED SEPTEMBER 26TH, 2002 | | | ☐ | MITEK SYSTEMS, INC. | 600 B STREET, SUITE 100, IN SAN DIEGO, CA, USA SAN DIEGO, CA 92101 |
| 2.19 OEM AGREEMENT | | | ☐ | MITEK SYSTEMS, INC. | 14145 DANIELSON STR, STE B POWAY, CA 92064-8827 |
| 2.20 MOBILE DEPOSIT OEM AGREEMENT | | | ☐ | MITEK SYSTEMS, INC. | 8911 BALBOA AVE., STE B SAN DIEGO, CA 92123 |
| 2.21 CONFIDENTIALITY AGREEMENT | | | ☐ | MITEK SYSTEMS, INC. | 600 B STREET, SUITE 100, IN SAN DIEGO, CA, USA SAN DIEGO, CA 92101 |
| 2.22 AMENDMENT NO. 05 TO MITEK OEM AGREEMENT SIGNED SEPTEMBER 26TH, 2002 | | | ☐ | MITEK SYSTEMS, INC. | 600 B STREET, SUITE 100, IN SAN DIEGO, CA, USA SAN DIEGO, CA 92101 |
| 2.23 AMENDMENT NO. 02 TO MITEK OEM AGREEMENT SIGNED JAN 1 2003 | | | ☐ | MITEK SYSTEMS, INC. | 600 B STREET, SUITE 100, IN SAN DIEGO, CA, USA SAN DIEGO, CA 92101 |
| 2.24 AMENDMENT NO. 03 TO MITEK OEM AGREEMENT SIGNED JAN 1 2003 | | | ☐ | MITEK SYSTEMS, INC. | 600 B STREET, SUITE 100, IN SAN DIEGO, CA, USA SAN DIEGO, CA 92101 |
| 2.25 OEM AGREEMENT | | | ☐ | MITEK SYSTEMS, INC. | 14145 DANIELSON STR, STE B POWAY, CA 92064-8827 |
| 2.26 MITEK PRICE LIST (EXHIBIT) FOR J&B SOFTWARE | | | ☐ | MITEK SYSTEMS, INC. | 10070 CARROLL CANYON RD. SAN DIEGO, CA 92131 |
| 2.27 TRIAL AGREEMENT | | | ☐ | MITEK SYSTEMS, INC. | 600 B ST, STE. 100 SAN DIEGO, CA 92101 |
| 2.28 AMENDMENT NO. 03 TO MITEK OEM AGREEMENT SIGNED JAN 1 2003 | | | ☐ | MITEK SYSTEMS, INC. | 600 B STREET, SUITE 100, IN SAN DIEGO, CA, USA SAN DIEGO, CA 92101 |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.29 OEM ADDENDUM DECEMBER 2007 PROPOSAL FOR J&B SOFTWARE | | | ☐ | MITEK SYSTEMS, INC. | 600 B STREET, SUITE 100, IN SAN DIEGO, CA, USA<br>SAN DIEGO, CA 92101 |
| 2.30 MOBILE DEPOSIT OEM AGREEMENT | | | ☐ | MITEK SYSTEMS, INC. | 8911 BALBOA AVE., STE B<br>SAN DIEGO, CA 92123 |
| 2.31 MOBILE DEPOSIT OEM AGREEMENT | | | ☐ | MITEK SYSTEMS, INC. | 8911 BALBOA AVE., STE B<br>SAN DIEGO, CA 92123 |
| 2.32 STATEMENT OF WORK (DEPOSIT MATERIAL VERIFICATION) | | | ☐ | NCC GROUP SOFTWARE RESILIENCE (NA) LLC | 650 CALIFORNIA ST STE 2950<br>SAN FRANCISCO, CA, 94108-2747, |
| 2.33 CHANNEL PARTNER APPLICATION | | | ☐ | OPEX | 305 COMMERCE DR.<br>MOORESTOWN, NJ 08057-4234 |
| 2.34 CHANNEL PARTNER AGREEMENT | | | ☐ | OPEX CORPORATION | 305 COMMERCE DR.<br>MOORESTOWN, NJ 08057-4234 |
| 2.35 SUPPLEMENT NO.1 TO EXTEND THE RESELLER AGREEMENT ENTERED INTO BETWEEN OPEX CORPORATION ("OPEX") AND J&B SOFTWARE, INC. ("RESELLER") | | | ☐ | OPEX CORPORATION | 305 COMMERCE DR.<br>MOORESTOWN, NJ 08057-4234 |
| 2.36 AS3600 PARTNER AGREEMENT | | | ☐ | OPEX CORPORATION | 305 COMMERCE DR.<br>MOORESTOWN, NJ 08057-4234 |
| 2.37 PURCHASE LETTER AGREEMENT | | | ☐ | OPEX CORPORATION | 305 COMMERCE DR.<br>MOORESTOWN, NJ 08057-4234 |
| 2.38 REVISION 03-11 (AMENDED SCHEDULE "A") | | | ☐ | OPEX CORPORATION | 305 COMMERCE DR.<br>MOORESTOWN, NJ 08057-4234 |

| Total number of contracts | 38 |
|---|---|

**Fill in this information to identify the case and this filing:**

| | |
|---|---|
| Debtor Name: | J & B Software, Inc. |
| United States Bankruptcy Court: | Southern District of Texas |
| Case Number (if known): | 25-90055 |

Form 206H

# Schedule H: Codebtors

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

**Part 1:**

1. **Does the debtor have any codebtors?**

   ☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
   ☐ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| | | |

| | |
|---|---|
| **Total Number of Co-Debtor / Creditor Rows** | 0 |

| Fill in this information to identify the case and this filing: |  |
| --- | --- |
| Debtor Name: | J & B Software, Inc. |
| United States Bankruptcy Court: | Southern District of Texas |
| Case Number (if known): | 25-90055 |

Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

| **Part 1:** | **Summary of Assets** |
| --- | --- |

1. **Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)**

1a. **Real Property:**
Copy line 88 from Schedule A/B

$1,056.79

1b. **Total personal property:**
Copy line 91A from Schedule A/B

$45,973,020.81
+ UNDETERMINED

1c. **Total of all property:**
Copy line 92 from Schedule A/B

$45,974,077.60
+ UNDETERMINED

| **Part 2:** | **Summary of Liabilities** |
| --- | --- |

2. **Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)**
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

$1,357,606,629.00

3. **Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)**

3a. **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from line 6a of Schedule E/F

$11,514,575.34
+ UNDETERMINED

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F

$44,770,744.41

4. **Total liabilities**
Lines 2 + 3a + 3b

$1,413,891,948.75
+ UNDETERMINED

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
</table>

| | |
|---|---|
| Debtor Name: | J & B Software, Inc. |
| United States Bankruptcy Court: | SOUTHERN DISTRICT OF TEXAS |
| Case Number (if known): | 25-90055 |

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**Warning -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571**

## Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- ☑ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☑ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☑ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☑ Schedule H: Codebtors (Official Form (206H)
- ☑ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:** 05/06/2025

**Signature:** /s/ Matthew T. Brown

Matthew T. Brown, Interim Chief Financial Officer
**Name and Title**