**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| DOCUDATA SOLUTIONS, L.C., *et al.*, | § | Case No. 25-90023 (CML) |
| Reorganized Debtors.[1] | § | (Jointly Administered) |

**CANTEX GRAUWYLER, LLC'S MOTION FOR RELIEF FROM PLAN INJUNCTION TO EFFECTUATE SETOFF**

**This is a motion for relief from the automatic stay. If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle. If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the court may rule.**

**Represented parties should act through their attorney.**

**There will be a hearing on this matter on September 23, 2025 at 10:00A.M. in Courtroom 401, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, TX 77002.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Cantex Grauwyler, LLC ("Movant" or the "Landlord") files this *Motion for Relief From Plan Injunction to Effectuate Setoff* (the "Motion"), seeking relief from the injunctive provisions contained in the confirmed plan in this case, to permit the Landlord to exercise its rights of setoff under Section 553(a) of the United States Bankruptcy Code (the "Bankruptcy Code" or "Code").

[1] A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://omniagentsolutions.com/DocuDataSolutions. The Reorganized Debtors' mailing address for the purposes of these cases is 6641 N. Belt Line Road, Suite 100, Irving, TX 75063.

In support of this Motion, the Landlord submits the Declaration of Supreet Cheema (the "Cheema Declaration"), and for cause, the Landlord respectfully represents the following:

## I. INTRODUCTION

1. By this Motion, the Landlord seeks relief from the Plan Injunction to set off a security deposit against a prepetition claim held by the Landlord in conjunction with the lease of real property located at 2701 East Grauwyler Road, Irving, Texas 75601 (the "Leased Premises"), pursuant to a lease agreement (the "Lease") dated November 15, 2010 by and between AGNL Processing, L.L.C., predecessor-in-interest to the Landlord, and BancTec, Inc. (the "Tenant" or "Debtor").

2. The Lease was rejected pursuant Section 365(a) of the Bankruptcy Code by order dated July 17, 2025 [ECF No. 937]. The Landlord holds a prepetition claim against the Tenant in the total amount of $14,188,389.28 and filed Proofs of Claim[2] asserting such against the Tenant[3] and certain other debtors in this jointly-administered case.

3. The Landlord holds a security deposit in the total amount of $2,427,580.80 (including accrued interest) (the "Security Deposit") securing the Tenant's obligations under the Lease. The Landlord respectfully requests that the Court enter an order, substantially in the form of **Exhibit A** hereto, lifting the automatic stay to permit the Landlord to set off the Security Deposit against the Landlord's prepetition claim in accordance with Section 553 of the Bankruptcy Code and other applicable law.

---

[2] The Landlord was not provided notice of the bar date for general unsecured claims in these jointly-administered cases (June 6, 2025, *see* ECF No. 434). The Debtors agreed and consented to the Landlord's filing of proofs of claim as timely, notwithstanding the expiration of such bar date.

[3] A true and correct copy of the Proof of Claim filed by the Landlord in the Tenant's bankruptcy case (Case No. 25-90039) is attached hereto as **Exhibit B**.

## II. JURISDICTION AND BASIS FOR RELIEF

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334.

5. The statutory predicates and other bases for relief are sections 105(a), 362(d), and 553(a) of the Bankruptcy Code; and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## III. BACKGROUND

### A. THE CHAPTER 11 CASES.

6. On March 3, 2025 (the "Petition Date"), DocuData Solutions, L.C. and its affiliated debtors (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

7. On June 23, 2025, the Debtors filed their *Amended Joint Plan of Reorganization of DocuData Solutions, L.C. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [ECF No. 826] (as amended, supplemented, or otherwise modified, the "Plan").

8. On June 23, 2025, the Bankruptcy Court entered the *Order (I) Approving Debtors' Disclosure Statement and (II) Confirming Amended Joint Plan of Reorganization of DocuData Solutions, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [ECF No. 834] (the "Confirmation Order").

9. The Plan became effective and was substantially consummated on July 29, 2025. *See Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Rejection Damages Claims Bar Date* [ECF No. 980].

### B. THE LEASE, THE CANTEX CLAIM, AND THE SECURITY DEPOSIT.

10. The Lease consists of the following documents:

- Lease Agreement dated November 15, 2010, by and between AGNL Processing, L.L.C. and BancTec, Inc.
- Guaranty Agreement dated November 12, 2010, executed by BTC International Holdings, Inc., DocuData Solutions, L.C., TC Ventures, Inc., BancTec (Puerto Rico), Inc., Recognition Mexico Holding, Inc., and BTI Technologies L.P.
- Restated Guaranty Agreement dated July 14, 2014, executed by Pangea Acquisitions, Inc. and BancTec Group, LLC.
- Guaranty Agreement dated November 21, 2017, executed by Exela Technologies, Inc.
- First Amendment to Lease Agreement dated June 7, 2023, by and between Cantex Grauwyler, LLC and BancTec, Inc.

A true and correct copy of each of these documents is attached to Exhibit B (*see* Tenant Estoppel Certificate and Exhibit A-1 thereto, executed by the Tenant's CEO on April 10, 2025). As reflected in the Tenant Estoppel Certificate, the Tenant was obligated to pay (without limitation) annual Basic Rent under the Lease in the amount of $1,849,956.74, as well as all utilities and taxes for the Leased Premises.

11. As of the Petition Date, the Landlord held a claim or claims (the "Claim") pursuant to the Lease against the Tenant in the total amount of $14,188,389.28, inclusive of lease rejection damages. *See* Exhibit B. The total rejection damages and prepetition lease obligations comprising the Landlord's prepetition unsecured claims include both "Lease Obligations" and "Deferred Maintenance Obligations" as itemized in the "Summary of Claim" attached to Exhibit B.

12. Since the filing of the Landlord's Proof of Claim on July 14, 2025, the Landlord has continued to obtain bids for the remediation work comprising the majority of the Landlord's claim. Attached hereto as **Exhibit C** is a spreadsheet reflecting an accounting of amounts due under the Lease for remediation work as well as certain credits applied, reducing the Deferred Maintenance Obligations portion of Landlord's claim from approximately $13,192,005.64 to $10,425,124.28.

13. Included in the Landlord's Claim is the Security Deposit in the amount of $2,427,580.80 (including accrued interest) held by the Landlord in accordance with Section 35(a) of the Lease. *See* Exhibit B, Lease Agreement dated November 15, 2010, by and between AGNL Processing, L.L.C. and BancTec, Inc. (the "Lease Agreement"), pp. 52-53.

14. The Lease provides the Landlord with the right to (among other things) withdraw the Security Deposit if an Event of Default shall have occurred, and to apply the proceeds in payment of rent or other damages incurred by the Landlord by reason of a default under the Lease. *Id*. at p. 53.

15. The Lease was rejected by order entered July 17, 2025. *See Order (I) Authorizing the Debtors to (A) Reject Unexpired Office Lease and (B) Abandon Certain Remaining Personal Property in Connection Therewith and (II) Granting Related Relief* (the "Lease Rejection Order") [ECF No. 937]. The Lease Rejection Order provides that "[t]he rejection shall be effective as of the date upon which the Debtors surrender possession of the Premises to the Landlord or such other date as mutually agreed to by the Debtors and the Landlord (the '***Rejection Effective Date***')." Lease Rejection Order, ¶ 2.

## IV. RELIEF REQUESTED

16. The Landlord seeks the entry of an order granting the Landlord relief from the injunctive provisions of the Plan in order to set off the Security Deposit, to the extent such an order is necessary under the Plan and Confirmation Order. Accordingly, pursuant to sections 105(a), 362(d), and 553(a) of the Bankruptcy Code, the Landlord respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, modifying the Plan Injunction (as defined below) for cause to effectuate rights of setoff against the Landlord's claim. As noted below, the rights of the Landlord to effectuate the setoff are expressly preserved and permitted

under the Plan. However, in light of the Plan's post-confirmation injunctive provisions, as well as the Tenant's refusal to permit the Landlord to set off the Security Deposit, the Landlord hereby seeks relief from the injunctive provisions of the Plan, to the extent necessary, to allow the Landlord to exercise its valid setoff rights under Section 553(a) of the Bankruptcy Code.

## V. BASIS FOR RELIEF

### A. THE LANDLORD MAY EXERCISE SETOFF RIGHTS AFTER CONFIRMATION OF THE PLAN.

17. The Landlord's setoff rights are preserved and permissible both under the Plan, the Confirmation Order, and applicable law. The Confirmation Order provides that upon the Effective Date, any injunctions or stays under Sections 105 and 362 of the Bankruptcy Code or otherwise in existence on the Confirmation Date shall no longer apply and the injunction provided in Article IX of the Plan (the "Plan Injunction") shall apply. Confirmation Order at ¶ 29. The Plan Injunction states in pertinent part that "[e]xcept as otherwise provided in the Plan Support Agreement, the Plan or the Confirmation Order, from and after the Effective Date, all Persons and Entities are . . . permanently enjoined from . . . (4) asserting a right of setoff or subrogation of any kind . . .." *Id.* at ¶ 50. However, the Plan expressly preserves setoff rights of counterparties (such as the Landlord) to a rejected lease. Article VI, paragraph J of the Plan provides:

> Notwithstanding anything to the contrary herein, nothing in this Plan or the Confirmation Order shall modify the rights, if any, of any counterparty to a rejected Executory Contract or Unexpired Lease to assert any right of setoff or recoupment that such party may have under applicable bankruptcy law or nonbankruptcy law, *including the* (1) *ability, if any, of such parties to setoff or recoup a security deposit held pursuant to the terms of their rejected Unexpired Lease(s) with the Debtors, or any successors to the Debtors, under this Plan,* (2) assertion of rights of setoff or recoupment, if any, in connection with Claims reconciliation, or (3) assertion of setoff or recoupment as a defense, if any, to any Claim or action by the Debtors, the Reorganized Debtors, or any successors of the Debtors.

Plan, p. 62 (emphasis added). In addition, a majority of courts have found that post-confirmation setoff is permitted in accordance with the plain language of Section 553. *In re Morris*, 616 B.R.

499, 503 (Bankr. N.D. Miss. 2020) ("This Court joins with the majority of other courts to have considered this issue and holds that confirmation does not bar a subsequent and otherwise valid assertion of a creditor's setoff rights.").[4] As such, the Landlord is expressly permitted to exercise its right to setoff the Security Deposit against its Claim.

**B. "CAUSE" EXISTS TO GRANT RELIEF FROM THE PLAN INJUNCTION.**

18. "Parties seeking relief from a plan injunction must satisfy the same standard applicable to a motion to lift the automatic stay pursuant to section 362 of the Bankruptcy Code." *In re Ditech Holding Corp.*, 2022 Bankr. LEXIS 3220, at *10 (Bankr. S.D.N.Y. November 14, 2022) (citations omitted). That standard is "cause" under Section 362(d)(1) of the Bankruptcy Code, which provides in pertinent part, that "[o]n request of a party in interest and after notice and hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, and modifying, or conditioning such stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest . . . ." 11 U.S.C. § 362(d)(1).

19. Cause exists for relief from the Plan Injunction to permit the Landlord to set off the Landlord's prepetition claim with the Security Deposit, based on the Tenant's default under the Lease. *In re Portofindough LLC*, 655 B.R. 694, 701 (Bankr. S.D.N.Y. 2023) (holding that cause exists to lift the stay to permit a landlord to apply a security deposit to set off prepetition unpaid rent). That is precisely the case here, where the Landlord is seeking to exercise its right to apply the Security Deposit pursuant to paragraph 35(b) of the Lease, based on an event or events of default under the lease, including but not limited to the failure by the Tenant to pay when due any "Monetary Obligation" under the Lease. *See* Lease Agreement, ¶ 22(a)(i).

---

[4] The Court in *In re Morris* also noted that there is no controlling Fifth Circuit precedent on this specific point. *In re Morris*, 616 B.R. at 502.

## C. Relief From the Plan Injunction is Warranted to Permit the Landlord to Setoff the Security Deposit Against the Landlord's Prepetition Claim.

20. Relief from the Plan Injunction is appropriate to allow the Landlord to pursue its rights to setoff under section 553(a). "A valid right to setoff under 11 U.S.C. § 553 requires (i) a debt owed by the creditor to the debtor that arose prior to commencement of the bankruptcy case; (ii) a claim of the creditor against the debtor that arose prior to the commencement of the bankruptcy case; and (iii) the debt and the claim are mutual obligations—involving the same parties standing in the same capacity." *Northstar Offshore Grp., LLC v. Peregrine Oil & Gas LP (In re Northstar Offshore Grp., LLC)*, 2018 Bankr. LEXIS 2817, at *17 (Bankr. S.D. Tex. Sept. 14, 2018) (citing *IRS v. Luongo (In re Luongo)*, 259 F.3d 323, 334 (5th Cir. 2001)).

21. The Landlord satisfies each of the elements necessary to exercise the right of setoff for mutual pre-petition claims under section 553(a) of the Code. First, the Tenant's debt (that is, the Security Deposit) arose prepetition based on the Lease and was held by the Landlord as security for payment by the Tenant for rent and other charges or payments due under the Lease. *See* Exhibit B, Lease Agreement ¶ 35(a).

22. Second, as noted above, the Landlord's claim or claims against the Tenant with respect to the charges detailed in Exhibit B also arose prepetition.

23. Finally, the mutuality requirement under section 553(a) of the Bankruptcy Code is met. Landlord seeks to setoff claims between Landlord and the Tenant Debtor. Debts are considered mutual when the debts are "held by the same parties in the same capacity (that is, as obligor and oblige) and are valid and enforceable. . . ." *Buchanan v. Kerr-McGee Energy Servs. (In re GPR Holdings, L.L.C.)*, 2004 Bankr. LEXIS 1286, at *15 (Bankr. N.D. Tex. August 31, 2004).

24. Based on these principles, the Landlord may properly setoff the Security Deposit against the Landlord's prepetition claim. It has long been held that a landlord has a right to setoff a security deposit with the tenant's obligations under the lease agreement under section 553(a) of the Bankruptcy Code. "Section 553 creates a right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case against a claim of such creditor against the debtor that arose before the commencement of the case. Since the landlord's claim for damages is a pre-petition claim, it is a mutual debt which can be offset by the security deposit." *In re Zienel Furniture, Inc.*, 13 B.R. 264, 265-66 (Bankr. E.D. Wis. 1981); *In re Aspen Data Graphics, Inc.*, 109 B.R. 677, 683 (Bankr. E.D. Pa. 1990) ("[a] lessor may setoff the amount of a security deposit under a lease against a prepetition claim for rent and damages owed to the landlord, as these are mutual, prepetition obligations."); *see also* 4 COLLIER ON BANKRUPTCY ¶ 553.03[3][c][iii] (16th ed. rev. 2025) ("Although funds held in trust are generally not eligible for setoff, an exception exists for security deposits that are specifically intended to afford the creditor some form of protection against the debtor's nonpayment.").

25. Here, the Tenant has already agreed in the Lease that the Security Deposit "shall not constitute assets or funds of Tenant or its estate, or be deemed to be held in trust for Tenant…." Exhibit B, Lease Agreement, p. 53 ¶ 35(b).

**D. RESERVATION OF RIGHTS**

26. Landlord recognizes that the Deferred Maintenance Obligations portion of its Claim may remain subject to some dispute with the Debtor even after setoff of the Security Deposit. Landlord recognizes that Debtor reserves all rights to object to any amount of its Claim remaining after Landlord sets off the Security Deposit against its Claim. Landlord reserves all

rights to defend and seek satisfaction of all amounts that remain due and owing on its Claim after setoff.

## VI. CERTIFICATE OF CONFERENCE

27. Counsel for the Landlord hereby certifies that he has conferred with the Tenant's counsel on Thursday, August 28, 2025. Counsel for Landlord provided a draft of this Motion to counsel for the Debtor and asked whether Debtor opposed the Motion. Debtor's counsel noted that it was endeavoring to discuss the matter with its client, but could not promise a response but that if Debtor had not provided a response by the Landlord's time to file, near end of business August 29, 2025, that Landlord should note that the Debtor opposes the relief sought in the Motion.

WHEREFORE, for the reasons set forth above, Cantex Grauwyler, LLC respectfully requests grant the Motion and enter an order substantially in the form of Exhibit A; and for such other and further relief as is proper.

Dated: August 29, 2025

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ John J. Kane*

John J. Kane
State Bar No. 24066794
901 Main Street
Suite 5200
Dallas, TX 75202
Phone: 214-777-4200
Email: jkane@krcl.com

**COUNSEL TO CANTEX GRAUWYLER, LLC**

**CERTIFICATE OF SERVICE**

I certify that on August 29, 2025, a true and correct copy of the foregoing document was served via the Court's CM/ECF notification system to all parties registered to receive notices through such system listed below.

/s/ *John J. Kane*
John J. Kane