IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS (HOUSTON DIVISION)
In re: DOCUDATA SOLUTIONS, L.C., et al., Reorganized Debtors.
Chapter 11
Case No. 25-90023 (CML)
(Relates to Docket No. 1294)

United States Courts
Southern District of Texas
FILED

MAR 23 2026

Nathan Ochsner, Clerk of Court

RESPONSE TO REORGANIZED DEBTORS' OBJECTION TO MOTIONS FILED BY AUDREY WEISBERG

Audrey Weisberg ("Movant") respectfully submits this Response to the Reorganized Debtors' Objection (Doc. 1294). The Debtors' characterization of Movant's claims as "meritless" ignores the forensic evidence of fraudulent concealment and the "tax lie" associated with the Galileo/United Airlines contract.

1. Movant Was a Known Creditor Entitled to Actual Notice: The Debtors argue Movant was an "unknown creditor." However, Movant issued a formal demand for these wages in 2003. The $53 million Galileo deal is a matter of record. Debtors cannot claim they exercised "reasonably diligent efforts" to identify creditors while simultaneously failing to locate records of a transaction of this magnitude. Publication notice was insufficient to satisfy Movant's due process rights.

2. The Discovery Rule and Fraudulent Concealment Toll the Statute of Limitations: The Debtors assert these claims are barred by time. Movant asserts the "Discovery Rule" applies because Debtors willfully bifurcated revenue into "Shadow Accounts" to suppress contractually mandated 7% wage accelerators. Because this conduct constitutes fraudulent concealment, the liability remains active and non-discharged under Illinois law.

3. The Requested Filing Injunction is Overbroad and Violates Due Process: Debtors seek to bar Movant from further filings. This is an attempt to silence a priority wage creditor who has uncovered material non-disclosures totaling $223 million. Movant's communications were a good-faith effort to "meet and confer," an effort Debtors' counsel explicitly refused by blocking Movant's email address.

CONCLUSION: The Debtors' objection should be overruled. Movant is entitled to an evidentiary hearing to reconcile the omitted wage claim and to present forensic evidence of the non-disclosed shadow accounts.

I, Audrey Weisberg, hereby certify that on February 4th, 2026, a true and correct copy of the foregoing

Response to Reorganized Debtors' Objection was served via United States Certified Mail, Return Receipt Requested, and/or via Email (where applicable), upon the following parties: Timothy A. Davidson II (Hunton Andrews Kurth LLP, 600 Travis Street, Suite 4200, Houston, TX 77002); The Reorganized Debtors (6641 N. Belt Line Road, Suite 100, Irving, TX 75063); and the Office of the United States Trustee (USTPRegion07.HU.ECF@usdoj.gov).

Dated: February 4th 2026

Audrey Weisberg

7415 Lake Forest Glen

Bradenton, FL 34202

Phone: 847-533-5241